JAY R. HENNEBERRY (State Bar No. 135065)
jhenneberry@chadbourne.com
CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, California  90071
Telephone:  (213) 892-1000
Facsimile:   (213) 892-2045

*Of Counsel*
Scott S. Balber (*pro hac vice* pending)
sbalber@chadbourne.com
Jonathan C. Cross (*pro hac vice* pending)
jcross@chadbourne.com
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York  10112
Telephone:  (212) 408-5100
Facsimile:   (212) 541-5369

Attorneys for Plaintiff
LFG National Capital, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| LFG NATIONAL CAPITAL, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO, P.L., WILLIE GARY, and LORENZO WILLIAMS,<br><br>　　　　　　Defendants. | Case No.  CV11  04538  PSG (PJWx)<br><br>**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND/OR ORDER TO SHOW CAUSE RE: ISSUANCE OF A PRELIMINARY INJUNCTION**<br><br>**Date:  TBD**<br>**Time:  TBD**<br>**Ctrm:  Roybal 880**<br>　　　(Hon. Philip Gutierrez)<br>**Action Filed:  May 26, 2011** |

Defendants' Opposition to Plaintiff's *Ex Parte* Application for a Temporary Restraining Order and/or Order to Show Cause re: Issuance of a Preliminary Injunction (the "Opposition" or "Opp.") is filled with significant distortions of both the facts and the law. In order for the Court to see the true picture, Plaintiff believes it is appropriate to file this short reply in order to correct just a few of them. Those distortions include the following:

- Defendants' effort to cast this controversy as one that has been "going on for several years" with no present urgency (Opp. at 3) is simply incorrect. Against a backdrop of rapid collateral dissipation and defaults under the Loan Agreement[1] (Mem. at 5-8), in February of this year, Defendants suddenly stopped making any payments at all (Opp. at 3), and on May 23, 2011, Defendants barred Plaintiff from conducting an audit of their financial affairs (Opp. at 6). In short, Defendants are no longer making any effort at all to comply with the Loan Agreement and, perhaps more alarmingly, appear to be dissipating the collateral used to secure that contract. Defendants' dissipation of collateral threatens to irreparably harm Plaintiff, and the dissipation is impossible for Plaintiff to monitor, let alone prevent, because Defendants refuse to permit an audit of their activities;

- Defendants distort both the law and the facts in claiming that Plaintiff must pursue any remedies against the Firm before enforcing the trustee obligations of the Individual Defendants (Opp. at 12). Even if this claim were relevant to the application before the Court (which it is not, as

---

[1] If not otherwise defined herein, all capitalized terms shall have the definitions provided in the Memorandum of Points and Authorities in Support of Plaintiff's *Ex Parte* Application for a Temporary Restraining Order and/or Order to Show Cause re: Issuance of a Preliminary Injunction, filed on June 3, 2011 ("Mem.").

Plaintiff is not seeking an order allowing it to collect under the Guarantees), Defendants' contention that there has been no waiver of Cal. Civ. Code §§ 2845 and 2849 is belied by the plain language of § 2.4 and § 6 of the Individual Defendants' Guaranty Agreements, which waive these provisions, making plain that the Individual Defendants' liability is "direct," "primary," and "independent of the obligations of the Debtor" such that an "action may be brought against [the Individual Defendants] irrespective of whether an action is brought against" the Firm. See Zimmerman Decl. Exs. E-F, §§ 2.4, 6; Cal. Civ. Code § 2856;

- Defendants' effort to dispute Plaintiff's first lien priority is both factually inaccurate and beside the point. Plaintiff does, in fact, hold a first lien over assets of the Firm, and regardless of Plaintiff's lien position as against other secured creditors, Plaintiff has a security interest in collateral that is being dissipated. Because Plaintiff is not seeking, by the injunctive relief sought here, to attach or execute on collateral, questions of lien priority are for another day;

- Defendants' "usury" claim is a red herring. Defendants nowhere dispute that the Loan Agreement was originated by LawFinance Group, Inc., a California licensed lender, and the loan is therefore exempt from the "usury" provisions of the California Constitution pursuant to § 22002 of the California Financial Code. Subsequent assignments of the loan do not render the exemption inapplicable, *see Strike* v. *Trans-West Discount Corp.*, 92 Cal. App. 3d 735, 745 (Cal. App. 4th Dist. 1979) ("a contract, not usurious in its inception, does not become usurious by subsequent events");

- Contrary to Defendants' *ipse dixit* contention, it is not true that Plaintiff seeks to enforce "terms not within the contracts(s)" (Opp. at 11). To the contrary, the contract plainly requires that Defendants grant access to Plaintiff for audit purposes (with no provision allowing access to be arbitrarily denied until unspecified "issues ha[ve] been resolved" to Defendants' satisfaction, Opp. at 16), and the contract clearly requires the Individual Defendants to hold, as trustee on Plaintiff's behalf, all funds received from the Firm with respect to any indebtedness of the Firm to the Individual Defendants -- such as the Firm's liability for salaries or other sums owed to the Individual Defendants. Defendants concede that the relief sought regarding financial transfers in excess of $25,000 seeks to "enforce the . . . performance of a term in the contract(s)" (Opp. at 11 and n. 6);

- Defendants' request for a $10 million bond finds no basis in the record: Plaintiff's likelihood of success on the merits is high (indeed, Defendants nowhere dispute that the Firm is in default under the Loan Agreement) and no cognizable harm will accrue to Defendants from being required to abide by their contractual commitments for a brief period until Plaintiff's preliminary injunction motion can be adjudicated.

For the reasons stated above, and in Plaintiff's initial moving papers, Plaintiff respectfully requests that its *Ex Parte* Application for a Temporary Restraining Order and/or Order to Show Cause re: Issuance of a Preliminary Injunction be granted. The relief sought will last only for a short period of time and may prevent the irrevocable dissipation of assets. Moreover, it is narrowly tailored to only enforce contract provisions the parties have already agreed to, and thus will not impose any true burdens on Defendants.

Dated: June 7, 2011                    CHADBOURNE & PARKE LLP


                                       By:   /s/ Jay R. Henneberry
                                             Jay R. Henneberry

                                       Attorneys for Plaintiff
                                       LFG NATIONAL CAPITAL, LLC