O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 11-4538 PSG (PJWx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | LFG National Capital, LLC v. Gary, Williams, Finney, Lewis, Watson & Sperando, P.L., *et al.* | | |

Present:   The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):            Attorneys Present for Defendant(s):

Not Present                        Not Present

**Proceedings:**   **(In Chambers) Order Denying LFG's *Ex Parte* Application for a Temporary Restraining Order**

    Pending before the Court is LFG's *Ex Parte* Application for a temporary restraining order and/or order to show cause re: issuance of a preliminary injunction. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court DENIES the *Ex Parte* Application.

I.   Background

    On May 26, 2011, Plaintiff LFG National Capital, LLC ("LFG" or "Plaintiff"), assignee of a Loan Agreement between Garry, Williams, Finney, Lews, Watson & Sperando, P.L. (the "Law Firm") and Law Finance Group, Inc., filed suit against the Law Firm and two of its partners, Willie Gary and Lorenzo Williams, for breach of a Loan Agreement and personal guarantees. *Compl.* ¶¶ 2-5, 8-9, 32-40.

    According to the Complaint, on March 19, 2007, the Law Firm entered into a "Cost Loan and Security Agreement" (the "Loan Agreement") with LawFinance Group, Inc. *Compl.* ¶ 8. The Loan Agreement replaced a similar, earlier agreement dated May 16, 2005, and provided funds to "refinance the amounts due" under that earlier agreement. *Compl.* ¶ 8. LawFinance Group, Inc. assigned and sold its rights in the Loan Agreement to its affiliate LFG, the Plaintiff in this case. *Compl.* ¶ 9. Not only was the Law Firm responsible for payment under the Loan

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4538 PSG (PJWx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | LFG National Capital, LLC v. Gary, Williams, Finney, Lewis, Watson & Sperando, P.L., *et al.* | | |

Agreement, but Willie Gary and Lorenzo Williams also executed individual guarantees, whereby they "unconditionally and irrevocably guarantee[d] the prompt payment and performance of all present and future obligations of [the Law Firm] under the Loan Agreement." *Compl.* ¶¶ 13, 16. One of the relevant terms of the Loan Agreement requires that "no payment of any kind whatsoever with respect to any sums owed to Willie Gary by [the Law Firm] shall be made until all obligations of [the Law Firm] to LFG[] under the Loan Agreement have been paid in full, and if sums are paid to Willie Gary before that time, such sums shall be held by [Willie Gary] as trustee for [LFG National]." *Compl.* ¶ 14.

LFG claims that the Law Firm, Gary and Williams each breached the agreement and relevant guarantees by failing to provide interest and/or principal payments, failing to provide accurate and complete reporting regarding collateral, and failing to permit LFG to perform a financial audit of the Law Firm. *Compl.* ¶¶ 19-21, 25-26. It is alleged that the Law Firm has been in "continuous default of its obligations under the Loan Agreement since at least July 16, 2009," and that the Law Firm has acknowledged default under the prior loan agreement. *Compl.* ¶¶ 19, 21.

At the same time it filed the Complaint, LFG filed an *ex parte* application for a "temporary restraining order and/or order to show cause re: issuance of a preliminary injunction" (the "*ex parte* TRO"). The *ex parte* TRO seeks an order enjoining and restraining the Law Firm and, *inter alia*, its partners, from "(a) making any transfer of assets of the Firm in excess of $25,000 without Plaintiff's written consent, other than in the ordinary course of business; and (b) denying access to its permits and financial records to the employees or agents of Plaintiff for audit purposes as required by . . . the Loan Agreement; and (c) further enjoining and restraining defendants Willie Gary and Lorenzo Williams . . . from holding any funds received from the Firm on account of an obligation other than as trustee for Plaintiff's benefit, in a separate designated trust account, and requiring them to deposit all funds or property received by them from the Firm into such account." *See TRO App.* 1:8-17. For the reasons that follow, the Court DENIES LFG's *ex parte* TRO.

II.     Legal Standard

The law on *ex parte* applications is well-settled in this circuit. In order to justify *ex parte* relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4538 PSG (PJWx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | LFG National Capital, LLC v. Gary, Williams, Finney, Lewis, Watson & Sperando, P.L., *et al.* | | |

underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). As the Court's Standing Order makes clear, "[e]x parte applications are solely for extraordinary relief." *Standing Order* ¶ 10.

An application for a temporary restraining order must satisfy the same legal standard governing the issuance of a preliminary injunction. *See Cal. Independent Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). Accordingly, a party seeking a temporary restraining order must establish the following elements: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) an advancement of the public interest. *See Winter v. Natural Res. Def. Council* , 555 U.S. 7, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008) (citation omitted).

III.     Discussion

After considering LFG's *ex parte* TRO and Complaint, the Court concludes that the relief LFG seeks is not warranted. LFG argues that *ex parte* relief is warranted because the "Individual Defendants have withdrawn millions of dollars from the Firm over the last eighteen months to finance their lavish lifestyle, complete with Rolls-Royce automobiles and private jets with solid gold bathroom fixtures." *TRO App.* 2:14-17. While financing a "lavish lifestyle" in lieu of repaying LFG *may* be in breach of the parties' agreement, it alone cannot warrant extraordinary *ex parte* relief.

LFG admits that the current dispute between the parties has lasted several years. For example, LFG alleges that Defendants have been in "continuous default of . . . obligations under the Loan Agreement since at least July 16, 2009." *Compl.* ¶ 19. In total, "[t]he [Law] Firm has . . . failed to remit required interest and principal payments on at least 19 . . . occasions" between 2009 and the present. *TRO App.* 5:13-14. On July 10, 2010—almost one year before the Complaint was filed—LFG "served written notice upon the [Law] Firm that all such obligations were immediately due and payable." *Id.* 5:17-19. Moreover, Defendants argue that "all of the[] planes and all but one automobile," on which Plaintiff's imply Defendants are spending the money owed under the Loan Agreement, "were purchased many years ago, . . . [and that]

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4538 PSG (PJWx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | LFG National Capital, LLC v. Gary, Williams, Finney, Lewis, Watson & Sperando, P.L., *et al.* | | |

Plaintiff actually had its first meeting with the Defendants . . . on th[e] plane, so Plaintiff has been aware for years of the Firm's use of planes and [lavish] style." *Opp'n* 4:15-20. Not only does LFG's lengthy delay in bringing this case or seeking a preliminary injunction imply "a lack of urgency and irreparable harm," *Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985), but it also suggests that LFG is at fault for creating the "crisis" that allegedly warrants *ex parte* relief, *see Mission Power Eng'g Co.*, 883 F. Supp. at 492. The Court can deny LFG's *ex parte* TRO on this basis alone as LFG has not demonstrated that extraordinary circumstances warrant the relief sought. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (circumstances justifying the issuance of an *ex parte* TRO are "extremely limited").

IV.   Conclusion

Based on the foregoing, the Court DENIES LFG's *Ex Parte* Application for a Temporary Restraining Order.

**IT IS SO ORDERED.**