MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
Harvey I. Saferstein, Esq. (SBN: 49750)
Nada I. Shamonki, Esq. (SBN: 205359)
Sarah J. Robertson, Esq. (SBN: 243364)
2029 Century Park East, Suite 1370
Los Angeles, California 90067
Phone: 310.586.3200
Fax: 310.586.3202
hsaferstein@mintz.com; nshamonki@mintz.com,
and srobertson@mintz.com

Attorneys for Defendant and Counterclaimant
GARY, WILLIAMS, FINNEY, LEWIS,
WATSON & SPERANDO, P.L., and Defendants
WILLIE GARY and LORENZO WILLIAMS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LFG NATIONAL CAPITAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO, P.L., WILLIE GARY, and LORENZO WILLIAMS,<br><br>Defendants. | Case No. CV11-04538 PSG (PJWx)<br><br>**DEFENDANT GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO, P.L.'S ANSWER TO THE FIRST CLAIM FOR RELIEF IN PLAINTIFF LFG NATIONAL CAPITAL, LLC'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge: Honorable Philip S. Gutierrez<br>Courtroom: 880 |

Defendant Gary, Williams, Finney, Lewis, Watson & Sperando, P.L. ("Defendant" or "the Firm") answers the first claim for relief for Breach of Contract in Plaintiff LFG National Capital, LLC's ("Plaintiff") Complaint ("Complaint") as follows:

1. Defendant denies the allegations in paragraph 1 of the Complaint.

2. Defendant admits that Plaintiff LFG National is a Delaware limited liability company; however, Defendant lacks information or knowledge sufficient to

form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint, and therefore denies them.

3.  Defendant admits the allegations contained in paragraph 3 of the Complaint.

4.  Defendant admits the allegations contained in paragraph 4 of the Complaint.

5.  Defendant admits the allegations contained in paragraph 5 of the Complaint.

6.  Defendant admits the allegations contained in paragraph 6 of the Complaint.

7.  Defendant denies the allegations in paragraph 7 of the Complaint.

8.  Defendant states that the document speaks for itself and otherwise denies the remaining allegations in paragraph 8 of the Complaint; however, Defendant lacks information or knowledge sufficient to form a belief as to the allegation that LawFinance Group, Inc. was an affiliate of LFG National Capital, LLC on March 19, 2007 in paragraph 8 of the Complaint, and therefore denies it.

9.  Defendant states that the document speaks for itself and otherwise denies the remaining allegations in paragraph 9 of the Complaint.

10.  Defendant states that the documents speak for themselves and otherwise denies the remaining allegations in paragraph 10 of the Complaint.

11.  Defendant denies the allegation in paragraph 11 of the Complaint that the Firm waived any and all objections to jurisdiction or venue.  Defendant states that the rest of the document speaks for itself and otherwise denies the remaining allegations in paragraph 11 of the Complaint.

12.  Defendant states that the document speaks for itself and otherwise denies the remaining allegations in paragraph 12 of the Complaint.

13.  Defendant admits the allegation in Paragraph 13 of the Complaint that Willie Gary executed a Guaranty.  Defendants states that the rest of document speaks

for itself and otherwise denies the remaining allegations in paragraph 13 of the Complaint.

14.     Defendant states that the document speaks for itself and otherwise denies the remaining allegations in paragraph 14 of the Complaint.

15.     Defendant denies the allegation in paragraph 15 of the Complaint that the Firm waived any and all objections to jurisdiction or venue.  Defendant states that the rest of the document speaks for itself and otherwise denies the remaining allegations in paragraph 15 of the Complaint.

16.     Defendant admits the allegation in Paragraph 16 of the Complaint that Lorenzo Williams executed a Guaranty.  Defendant states that the rest of the document speaks for itself and otherwise denies the remaining allegations in paragraph 16 of the Complaint.

17.     Defendant states that the document speaks for itself and otherwise denies the remaining allegations in paragraph 17 of the Complaint.

18.     Defendant denies the allegation in paragraph 18 of the Complaint that the Firm waived any and all objections to jurisdiction or venue.  Defendant states that the rest of the document speaks for itself and otherwise denies the remaining allegations in paragraph 18 of the Complaint.

19.     Defendant denies the allegations in paragraph 19 of the Complaint.

20.     Defendant states that the document speaks for itself and otherwise denies the remaining allegations in paragraph 20 of the Complaint.

21.     Defendant denies the allegations in paragraph 21 of the Complaint.

22.     Defendant states that the document speaks for itself and otherwise denies the remaining allegations in paragraph 22 of the Complaint.

23.     Paragraph 23 of the Complaint asserts a legal conclusion to which no response is required.  To the extent that any response is required, Defendants deny all allegations in paragraph 23 of the Complaint.

24.     Defendant states that the document speaks for itself and otherwise denies the remaining allegations in paragraph 24 of the Complaint.

25.     Defendant generally and specifically denies each and every allegation in paragraph 25 of the Complaint.

26.     Defendant denies the allegations in paragraph 26 of the Complaint.

27.     Defendant admits that it received some default notices from Plaintiff; however, Defendant lacks information or knowledge sufficient to form a belief as to the totality of the allegations in paragraph 27 of the Complaint, and therefore denies them.

28.     Defendant states that the document speaks for itself and otherwise denies the remaining allegations in paragraph 28 of the Complaint.

29.     Defendant denies the allegations in paragraph 29 of the Complaint.

30.     Defendant denies the allegations in paragraph 30 of the Complaint.

31.     Defendant denies the allegations in paragraph 31 of the Complaint.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF

### (Breach of Loan Agreement—Plaintiff against the Firm)

32.     Defendant realleges and incorporates herein the admissions, denials, and allegations pertinent to the preceding paragraphs of this Answer, inclusive.

33.     Defendant denies the allegations in paragraph 33 of the Complaint.

34.     Defendant denies the allegations in paragraph 34 of the Complaint.

## PLAINTIFF'S SECOND CLAIM FOR RELIEF

### (Breach of Guarantees—Plaintiff against Willie Gary and Lorenzo Williams)

Defendant was not named by Plaintiff in the second claim for relief; therefore, it has no cause to provide an answer to Plaintiff's second claim for relief, as set forth in its Complaint (paragraphs 35-40).

## FIRST AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CAUSE OF ACTION)

The Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE
## (FRAUD, DURESS, OR UNDUE INFLUENCE)

Plaintiff's Complaint fails, in whole or in part, as Defendant entered into the agreements with Plaintiff under fraud, duress, and/or undue influence.

## THIRD AFFIRMATIVE DEFENSE
## (PLAINTIFF'S DEFAULT OR DEFENDANT'S EXCUSE)

Plaintiff's Complaint fails, in whole or in part, due to the impossibility of performance of the duties and obligations allegedly owed by Defendant in Plaintiff's Complaint.

## FOURTH AFFIRMATIVE DEFENSE
## (SET-OFF)

Plaintiff's Complaint fails, in whole or part, because any alleged monies owed by Defendant are set-off against monies owed to Defendant by Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE
## (HAPPENING OF CONDITION SUBSEQUENT)

Plaintiff's Complaint fails, in whole or in part, as the alleged obligations and duties of Defendant are dependent on Defendant receiving payment in excess of its case costs.

## SIXTH AFFIRMATIVE DEFENSE
## (ESTOPPEL)

Plaintiff's Complaint is barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE
## (LACHES)

Plaintiff's Complaint is barred in whole or part by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE
## (MITIGATION OF DAMAGES)

Plaintiff's Complaint fails, in whole or in part, by Plaintiff's failure to use reasonable care and diligence to mitigate and thereby avoid and minimize the injuries and damages alleged.

## NINTH AFFIRMATIVE DEFENSE
## (WAIVER)

Defendant is informed and believes, and upon such information and belief alleges, that the Complaint is barred by the doctrine waiver.

## TENTH AFFIRMATIVE DEFENSE
## (UNCLEAN HANDS)

Plaintiff's Complaint are barred, in whole or in part, because Plaintiff has not behaved equitably, come to this Court with unclean hands, and should therefore be denied all relief.

## ELEVNTH AFFIRMATIVE DEFENSE
## (INDEPENDENT CONDUCT)

Plaintiff's Complaint fails, in whole or in part, because the conduct of Defendant was and is reasonable and based upon independent, legitimate business and economic justifications.

## TWELFTH AFFIRMATIVE DEFENSE
## (LAWFUL DEFENSE OF INTERESTS)

Plaintiff's Complaint is barred, in whole or in part, because Defendant acted lawfully in defense of its interests.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (UNFAIRNESS)

Plaintiff's complaint is barred, in whole or in part, due to the unconscionable, unfair, unlawful, and possibly usurious terms of the agreements under various States' laws.

## FOURTEENTH AFFIRMATIVE DEFENSE
## (UNEARNED FEES AND INTEREST)

Plaintiff's Complaint is barred, in whole or in part, because it seeks recovery of unearned fees and interest.

## FIFTEENTH AFFIRMATIVE DEFENSE
## (USURY)

Plaintiff's Complaint is barred, in whole or in part, because it seeks recovery of usurious interest in violation of various States' laws.

## SIXTEENTH AFFIRMATIVE DEFENSE
## (FAILURE TO SATISFY CONDITION PRECEDENT)

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff failed to satisfy a condition precedent exempting it from the usury laws in various States.

## SEVENTEENTH AFFIRMATIVE DEFENSE
## (PLAINTIFF'S BREACH OF CONTRACT)

Plaintiff's Complaint fails, in whole or in part, because Plaintiff breached the implied covenant of good faith and fair dealing, as well as other portions of the agreements, and said breaches excuse, in whole or in part, Defendant's performance. Said breaches include the matters set forth in Defendant's Counterclaims filed herewith.

## EIGHTEENTH AFFIRMATIVE DEFENSE
## (FAILURE TO JOIN INDISPENSABLE PARTIES)

Plaintiff's Complaint fails, in whole or in part, because Plaintiff has failed to join indispensable parties.

## NINTEENTH AFFIRMATIVE DEFENSE
## (ADDITIONAL DEFENSES)

Defendant hereby gives notice that it intends to rely upon any additional defenses that become available or apparent during discovery and thus reserves the right to amend its Answer to assert such additional defenses.

WHEREFORE, Defendant prays for judgment on Plaintiff's Complaint as follows:

1. Plaintiff takes nothing by way of its First Claim for Relief in its Complaint;

2. Defendant is awarded judgment in its favor in this action;

3. Defendant is awarded attorney's fees and costs; and

3. For such other and further relief as the Court may deem just and proper.

Dated: June 29, 2011                    Respectfully submitted,

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, PC

Harvey I. Saferstein
Nada I. Shamonki
Sarah J. Robertson

*Attorneys for Defendant and Counterclaimant GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO, P.L., and Defendants WILLIE GARY, and LORENZO WILLIAMS*

8

1

## <u>DEMAND FOR JURY TRIAL</u>

2        Defendant hereby demands a jury trial with respect to its answer.

3

4   Dated:  June 29, 2011                    Respectfully submitted,

5                                            MINTZ, LEVIN, COHN, FERRIS,
                                             GLOVSKY AND POPEO, PC
6

7                                            _____

8                                            Harvey I. Saferstein
                                             Nada I. Shamonki
                                             Sarah J. Robertson
9

10                                           *Attorneys for Defendant and*
                                             *Counterclaimant GARY, WILLIAMS,*
11                                           *FINNEY, LEWIS, WATSON & SPERANDO,*
                                             *P.L., and Defendants WILLIE GARY, and*
12                                           *LORENZO WILLIAMS*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

1

**PROOF OF SERVICE**

2  **STATE OF CALIFORNIA**       )
                                                 )   **ss**
3  **COUNTY OF LOS**               )
   **ANGELES**                         )

4

5

6        I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 1370, Los Angeles, California 90067.

7

8        I hereby certify that on June 29, 2011, the foregoing document(s): **DEFENDANT GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO, P.L.'S ANSWER TO THE FIRST CLAIM FOR RELIEF IN PLAINTIFF LFG NATIONAL CAPITAL, LLC'S COMPLAINT; DEMAND FOR JURY TRIAL** was/were electronically filed with the Clerk of the Court using the CM/ECF system which will send will send a notice of electronic filing to the following CM/ECF registered party(ies):

9

10

11

12              Jay R. Henneberry
                CHADBOURNE & PARKE LLP
13              350 South Grand Avenue, Suite 3300
                Los Angeles, California 90071
14              Telephone:(213) 892-1000
                Facsimile: (213) 622-9865
15              Email:  jhenneberry@chadbourne.com

16              Scott S. Balber
                Jonathan C. Cross
17              CHADBOURNE & PARKE LLP
                30 Rockefeller Plaza
18              New York, New York 10112
                Telephone:(212) 408-5100
19              Facsimile: (212) 541-5369
                Email:  sbalber@chadbourne.com; jcross@chadbourne.com
20
                *Attorneys for Plaintiff and Counterdefendant*
21              *LFG National Capital, LLC*

22

23        I declare under penalty of perjury that the foregoing is true and correct. Executed on June 29, 2011, at Los Angeles, California.

24

25                                                     _____

26                                                     JAZMIN LEON

27  5432435v.1

28