MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
Harvey I. Saferstein, Esq. (SBN: 49750)
Nada I. Shamonki, Esq. (SBN: 205359)
Sarah J. Robertson, Esq. (SBN: 243364)
2029 Century Park East, Suite 1370
Los Angeles, California 90067
Phone:  310.586.3200
Fax:  310.586.3202
hsaferstein@mintz.com; nshamonki@mintz.com,
and srobertson@mintz.com

Attorneys for Defendant and Counterclaimant
GARY, WILLIAMS, FINNEY, LEWIS,
WATSON & SPERANDO, P.L., and Defendants
WILLIE GARY and LORENZO WILLIAMS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LFG NATIONAL CAPITAL, LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>GARY, WILLIAMS, FINNEY, LEWIS,<br>WATSON & SPERANDO, P.L., WILLIE<br>GARY, and LORENZO WILLIAMS,<br><br>                    Defendants. | Case No. CV11-04538 PSG (PJWx)<br><br>**DEFENDANTS WILLIE GARY AND LORENZO WILLIAMS' NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND CLAIM FOR RELIEF IN PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[DECLARATION OF HARVEY I. SAFERSTEIN IN SUPPORT THEREOF BEING FILED CONCURRENTLY]**<br><br>Hearing:<br>Date:        August 1, 2011<br>Time:        1:30 p.m.<br>Judge:       Honorable Philip S. Gutierrez<br>Courtroom:        880 |

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 1, 2011, at 1:30 p.m. or as soon thereafter as the matter can be heard by the above-entitled Court, in the Courtroom of the Honorable Philip S. Gutierrez (Courtroom 880) of the United States District Court for the Central District of California, located at 255 East Temple Street, Los Angeles, CA 90012, Defendants Willie Gary and Lorenzo Williams ("Individual Defendants") will, and hereby do, move the Court for an order dismissing Plaintiff LFG National Capital, LLC's ("Plaintiff") Second Claim for Relief for Breach of Guarantees in Plaintiff's Complaint ("Complaint"), as well as against the Individual Defendants.

This Motion is brought pursuant to Federal Rules of Civil Procedure 12(b)(6) on the grounds that Plaintiff has failed to state a claim upon which relief can be granted with respect to its Second Claim of Relief because, under California law, the Plaintiff (the creditor) must first exhaust its remedies against Defendant Gary, Williams, Finney, Lewis, Watson & Sperando, P.L. ("the Firm") (the principal debtor) before it can bring its Second Claim for Relief for Breach of Guarantees against the Individual Defendants.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities and the supporting Declaration of Harvey I. Saferstein filed herewith, the other papers and records on file in this action, and such further oral and documentary evidence as may come before the Court upon the hearing of this matter.

///
///
///
///
///
///
///
///

1        The Motion is made following the conference of counsel pursuant to Local

2  Rule 7-3, which took place on June 24, 2011.

3

4  Dated:  June 29, 2011                Respectfully submitted,

5                                MINTZ, LEVIN, COHN, FERRIS,
                                GLOVSKY AND POPEO, PC

6

7

8                                Harvey I. Saferstein
                                Nada I. Shamonki

9                                Sarah J. Robertson

10                             *Attorneys for Defendant and*
                             *Counterclaimant GARY, WILLIAMS,*

11                             *FINNEY, LEWIS, WATSON &*
                             *SPERANDO, P.L., and Defendants*

12                             *WILLIE GARY and LORENZO*
                             *WILLIAMS*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff LFG National Capital, LLC's ("Plaintiff" or "LFG National") Complaint has two separate claims for relief.  The First Claim for Relief for Breach of Contract seeks to collect on a line of credit is against Defendant Gary, Williams, Finney, Lewis, Watson & Sperando, P.L. ("the Firm") in the amount of $10,131,628.18.   The Second Claim for Relief for Breach of Guarantees seeks judgment against the two senior partners of the Firm, Defendants Willie Gary and Lorenzo Williams as individuals (collectively "Individual Defendants" or "Guarantors") pursuant to the terms of the Guaranty Agreements they each entered into with Plaintiff.

The Individual Defendants bring this motion to dismiss Plaintiff's Second Claim for Relief for Breach of Guarantees as Plaintiff has failed to state a claim upon which relief can be granted.  Specifically, under California law, Plaintiff is required to exhaust its remedies against the Firm (the Debtor) before it can proceed against the Guarantors.  Plaintiff has not exhausted its remedies against the Firm; therefore, its Second Claim for Relief against the Individual Defendants is premature. Accordingly, Plaintiff cannot plead facts necessary to sustain its Second Claim for Relief for Breach of Guarantees against the Individual Defendants and it should be dismissed.

### II.   STATEMENT OF RELEVANT FACTS

Defendants in this action are a minority owned law firm and two of its principal trial lawyers.  The Firm is located in Stuart, Florida and has a national reputation for taking on civil rights and other cases against major economic forces in the economy.   Its business is typically contingent fee work—this is where LawFinance Group, Inc. ("LawFinance") came into the picture in 2005.  Since 2005, LawFinance has provided funding to support the costs of the Firm's contingent fee work.   LawFinance Group apparently assigned some or all of its rights and

obligations under the Loan Agreement with the Firm to Plaintiff on or around March 2007.  The Firm has paid Plaintiff over $20 million in principal, interest, and fees on the line of credit provided by LawFinance Group.  In fact, it made a major interest payment of almost $400,000 in February of this year.

Plaintiff has not only sued the Firm but also its two trial partners, Willie Gary and Lorenzo William, claiming that they have breached the terms of the Guaranty Agreements they entered into with LawFinance ("Guarantees" or "Guaranty Agreements").  However, under California law, Plaintiff must first exhaust its remedies against the Firm before it can assert its Second Claim for Relief for Breach of Guarantees against the Individual Defendants.  California law is clear that a creditor must first satisfy its claims against the debtor before trying to reach the Guarantor—this has been codified for some time.

## III.   PLAINTIFF'S SECOND CLAIM FOR RELIEF FAILS TO STATE A CLAIM FOR BREACH OF GUARANTEES

Before Plaintiff can bring suit to enforce the Guarantees, California law requires it to (a) exhaust the security given by the principal debtor, and (b) proceed against the debtor or pursue any other remedy available only to the creditor that would lighten the surety's burden.  *See* California <u>Civil Code</u> §§ 2845, 2849; *see also, Moffett v. Miller*, 119 Cal.App.2d 712, 713 (1953)(holding that surety defenses enumerated in the California Civil Code apply equally to guarantees)*.*  Plaintiff has taken neither action—thus, as a matter of law, Plaintiff's second claim for relief against the Individual Defendants for Breach of Guarantees must be dismissed.

### A.   Plaintiff Must Exhaust its Remedies Against the Debtor and the Security in its Possession Before It Can Proceed Against the Guarantors

Plaintiff must *first* proceed against the Firm before bringing suit against the Guarantors.  California <u>Civil Code</u> section 2845 states that a guarantor may "require the creditor… to proceed against the principal, or to pursue any other remedy in the

creditor's power which the surety cannot pursue, and would lighten the security's burden."  In a closely related provision, <u>Civil Code</u> section 2849 provides that a guarantor "is entitled to the benefit of every security for the performance of the principal obligation held by the creditor."  Cal. <u>Civ. Code</u> § 2849.  Together, sections 2845 and 2849 allow a guarantor to insist that creditor proceed against the debtor, including exhausting any security, before bringing suit to enforce a guarantee.  *See e.g. Pearl v. General Motors Acceptance Corporation*, 13 Cal.App.4th 1023, 1029 (1993)("Sections 2845 and 2849… require a creditor to proceed first against the debtor or to pursue any other remedy the surety to could not pursue and entitle the surety to the benefit all the security held by the creditor for performance of the debtors obligations."); *Kreuger v. Bank of America*, 145 Cal.App.3d 204, 213 (1983)("In any transaction the guarantor may, of course, insist that the security be exhausted first when the creditor seeks relief against him."); *United California Bank v. Maltzman*, 44 Cal.App.3d 41, 54 (1974)("Under Civil Code section 2845… a guarantor… may require the creditor to proceed against the principal.").

Guarantors have demanded that Plaintiff cease its attempts to enforce the Guaranty Agreements until it exhausts its remedies against the Firm, including collection of the security provided by Debtor.  *See* Declaration of Harvey I. Saferstein, ¶ 4, Exhibit "A" ("Saferstein Decl.").  Plaintiff denied this request.  Accordingly,  Plaintiff's Second Claim for Relief cannot survive a motion to dismiss unless it has plead facts sufficient to show that Plaintiff exhausted it remedies against the Firm before bringing suit against the Guarantors.  Plaintiff cannot meet this standard.

First, it is clear from the face of the Complaint that Plaintiff is simultaneously suing the Firm for breach of the underlying loan agreement.  This alone is reason to dismiss the Second Claim for Relief because it shows that Plaintiff has not exhausted its remedies against the Firm under <u>Civil Code</u> section 2845.

Second, in its Complaint, Plaintiff has alleged that it has a security interest in the assets of the Firm; however, it has not made any allegations that it has exhausted that collateral.  *See* Complaint ¶ 10 ("LFG National holds liens over substantially all of Gary, Williams' property and assets, including its cash, general intangibles, rights to attorneys' fees and costs, equipment, and general accounts receivable.  LFG National's liens were perfected as of June 8, 2005 through the filing of a Florida Uniform Commercial Code Financing Statement...").

Simply put, Plaintiff's suit to enforce the Guaranty Agreements is premature. Until it exhausts its remedies against the Firm, Plaintiff *cannot* plead facts necessary to sustain its Second Claim for Relief for Breach of Guarantees or its claims against the Individual Defendants.

## IV.   CONCLUSION

For the foregoing reasons, the Second Claim for Relief in Plaintiff's Complaint fails as a matter of law.  Defendant respectfully requests that the Court dismiss the Second Claim for Relief for Breach of Guarantees, as well as the Individual Defendants, Willie Gary and Lorenzo Williams, from Plaintiff's Complaint.

Dated:  June 29, 2011                              Respectfully submitted,

                                                   MINTZ, LEVIN, COHN, FERRIS,
                                                   GLOVSKY AND POPEO, PC


                                                   _____
                                                   Harvey I. Saferstein
                                                   Nada I. Shamonki
                                                   Sarah J. Robertson

                                                   *Attorneys for Defendant and
                                                   Counterclaimant GARY, WILLIAMS,
                                                   FINNEY, LEWIS, WATSON &
                                                   SPERANDO, P.L., and Defendants
                                                   WILLIE GARY and LORENZO
                                                   WILLIAMS*

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA**   )
                          )  ss
3

**COUNTY OF LOS**         )
**ANGELES**               )

4

5

6        I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 1370, Los Angeles, California 90067.

7

8        I hereby certify that on June 29, 2011, the foregoing document(s): **DEFENDANTS WILLIE GARY AND LORENZO WILLIAMS' NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND CLAIM FOR RELIEF IN PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES** was/were electronically filed with the Clerk of the Court using the CM/ECF system which will send will send a notice of electronic filing to the following CM/ECF registered party(ies):

9

10

11

12
            Jay R. Henneberry
13          CHADBOURNE & PARKE LLP
            350 South Grand Avenue, Suite 3300
14          Los Angeles, California 90071
            Telephone:(213) 892-1000
            Facsimile: (213) 622-9865
15          Email:  jhenneberry@chadbourne.com

16          Scott S. Balber
            Jonathan C. Cross
17          CHADBOURNE & PARKE LLP
            30 Rockefeller Plaza
18          New York, New York 10112
            Telephone:(212) 408-5100
19          Facsimile: (212) 541-5369
            Email:  sbalber@chadbourne.com; jcross@chadbourne.com
20

21          *Attorneys for Plaintiff and Counterdefendant*
            *LFG National Capital, LLC*

22

23        I declare under penalty of perjury that the foregoing is true and correct. Executed on June 29, 2011, at Los Angeles, California.

24

25                                              _____
26          JAZMIN LEON

27

28   5438951v.2

1

PROOF OF SERVICE