JAY R. HENNEBERRY (State Bar No. 135065)
jhenneberry@chadbourne.com
CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, California 90071
Telephone: (213) 892-1000
Facsimile: (213) 892-2045

*Of Counsel*
Scott S. Balber
sbalber@chadbourne.com
Jonathan C. Cross
jcross@chadbourne.com
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

Attorneys for Plaintiff and Counterdefendants
LFG NATIONAL CAPITAL, LLC, LAWFINANCE GROUP, INC., and
LFG SERVICING, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| LFG NATIONAL CAPITAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO, P.L., WILLIE GARY, and LORENZO WILLIAMS, <br><br> Defendants. <br><br> ——————————————— <br><br> GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO, P.L., <br><br> Counterclaimant, <br><br> v. <br><br> LFG NATIONAL CAPITAL, LLC, LAWFINANCE GROUP, INC., and LFG SERVICING, LLC <br><br> Counterdefendants. | Case No. CV11-04538 PSG (PJWx) <br><br> **[PROPOSED] ORDER RE: COUNTERDEFENDANTS LFG NATIONAL CAPITAL, LLC, LAWFINANCE GROUP, INC., AND LFG SERVICING, LLC'S MOTION TO DISMISS COUNTERCLAIMS PURSUANT TO FED. R. CIV. P. 12(b)(6)** <br><br> Hearing Date: September 12, 2011 <br> Time: 1:30 p.m. <br> Judge: Honorable Philip S. Gutierrez <br> Courtroom: 880 |

Upon reviewing the papers filed by Plaintiff and Counterdefendant LFG NATIONAL CAPITAL, LLC ("LFG National") and Counterdefendants LAWFINANCE GROUP, INC. ("LawFinance") and LFG SERVICING, LLC ("LFG Servicing"), in support of their Motion to Dismiss the Counterclaims Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion"), including the Memorandum of Points and Authorities, the Request for Judicial Notice with the exhibits thereto, and all pleadings and proceedings heretofore had herein, the Court HEREBY FINDS and ORDERS as follows:

Counterclaimant has failed to state a cause of action for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Counterclaimant has failed to state a claim for breach of the implied covenant of good faith and fair dealing, as the actions alleged to have been taken by LFG National were expressly permitted by the Cost Loan and Security Agreement. See Carma Developers (Cal.) Inc. v. Marathon Dev. Cal., Inc., 2 Cal. 4th 342, 374, 826 P.2d 710, 728 (1992); Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 479, 261 Cal. Rptr. 735, 742 (1989). Further, Counterclaimant has failed to plead that any contractual relations were, in fact, damaged.

Counterclaimant has failed to state a claim for interference with contractual relations, as the actions alleged to have been taken by LFG National and LFG Servicing were expressly permitted by the Cost Loan and Security Agreement. See Computer Place, Inc. v. Hewlett-Packard Co., 607 F. Supp. 822, 835 (N.D. Cal. 1984); see also Shaklee U.S. Inc. v. Giddens, 1991 WL 90003, at *3 (9th Cir. 1991).

Counterclaimant has failed to state a claim for a violation of Florida usury law. Florida Statute § 687.03(1) and 687.071(3) provide that the usury rate for loans in excess of $500,000 is 25%. See also Oregrund Ltd. P'ship v. Sheive, 873 So. 2d 451, 456 (Fla. Dist. Ct. App. 2004). Further, Florida usury law is not applicable, as the Cost Loan and Security Agreement states that California law is the applicable law and the contract is not alleged to have been made in Florida. See Ury v. Jewelers Acceptance Corp., 227 Cal. App. 2d 11, 21-22 (1964).

1  Counterclaimant has failed to state a claim for a violation of California usury law.
2  The Cost Loan and Security Agreement was exempt from California usury laws when
3  made pursuant to Section 22002 of the California Financial Code, because the original
4  lender, LawFinance, was a duly licensed California finance lender.  The Cost Loan and
5  Security Agreement did not become usurious through any subsequent assignment or
6  amendment.  See Strike v. Trans-West Disc. Corp., 92 Cal. App. 3d 735, 745, 155 Cal.
7  Rptr. 132, 139 (1979); Sw. Concrete Prods. v. Gosh Constr. Corp., 51 Cal. 3d 701, 706,
8  798 P.2d 1247, 1250 (1990); Bobby D Assocs. v. McDonald, 2004 WL 831179 (Cal.
9  App. Apr. 19, 2004).

Finally, counterclaimant has failed to state a claim of Unfair Business Practices under California law.  In order to plead a claim pursuant to Cal. Business & Professions Code §17200 based on "unfair" behavior, a party must allege that the actual conduct was "unfair," in addition to pleading that the harm caused by the unfair conduct outweighs any potential benefit of the conduct.  See Motors, Inc. v. Times Mirror Co., 102 Cal. App. 3d 735, 740, 162 Cal. Rptr. 543, 546 (1980).  To plead a Section 17200 claim that is premised on "unlawful" activity, a party must allege facts sufficient to show a violation of law because "without supporting facts demonstrating the illegality of a rule or regulation, an allegation that it is in violation of a specific statute is purely conclusionary and insufficient to withstand demurrer."  See People v. McKale, 25 Cal. 3d 626, 635, 602 P.2d 731, 736 (1979).  Regarding claims based on "fraudulent" business practices or false advertising, a party must plead that the defendant engaged in a business practice and "members of the public are likely to be deceived."  See Comm. on Children's Television, Inc. v. Gen. Foods Corp., 35 Cal. 3d 197, 214, 673 P.2d 660, 668-71 (1983).  The Counterclaims fail to allege that any false or misleading statement was made, that the harm caused by any conduct outweighed the potential benefit of the conduct, or that any of the activity in question was "unlawful."

1  IT IS HEREBY ORDERED THAT Plaintiff and Counterdefendants' Motion to
2 Dismiss the Counterclaims is GRANTED, and the Counterclaims are hereby
3 DISMISSED WITH PREJUDICE.

6 Dated: _____

Honorable Philip S. Gutierrez
Judge of the United States District Court for the
Central District of California