JAY R. HENNEBERRY (State Bar No. 135065)
jhenneberry@chadbourne.com
CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, California 90071
Telephone: (213) 892-1000
Facsimile: (213) 892-2045

Scott S. Balber *(Adm. pro hac vice)*
sbalber@chadbourne.com
Jonathan C. Cross *(Adm. pro hac vice)*
jcross@chadbourne.com
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

Attorneys for Plaintiff and Counterdefendants
LFG NATIONAL CAPITAL, LLC, LAWFINANCE GROUP, INC., and LFG SERVICING, LLC

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| LFG NATIONAL CAPITAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO, P.L., WILLIE GARY, and LORENZO WILLIAMS, <br><br> Defendants. | Case No. CV11-04538 PSG (PJWx) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LFG NATIONAL CAPITAL, LLC'S MOTION FOR LEAVE TO AMEND THE COMPLAINT** |
| GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO, P.L., <br><br> Counterclaimant, <br><br> v. <br><br> LFG NATIONAL CAPITAL, LLC, LAWFINANCE GROUP, INC., and LFG SERVICING, LLC <br><br> Counterdefendants. | Hearing Date: November 14, 2011 <br> Time: 1:30 p.m. <br> Judge: Honorable Philip S. Gutierrez <br> Courtroom: 880 |

MEM. OF P. & A. IN SUPP. OF MOTION FOR LEAVE TO AMEND THE COMPLAINT PURSUANT TO F.R.C.P. 15(a)CPAM: 4225136.12

CPAM: 4225136.12

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 2

PRELIMINARY STATEMENT ...................................................................................... 2

FACTS .............................................................................................................................. 3

ARGUMENT .................................................................................................................... 5

I. THIS COURT SHOULD GRANT PLAINTIFF LEAVE TO AMEND THE COMPLAINT .................................................................................. 5

    A. Leave to Amend is Freely Granted in Accordance with the Federal Rules of Civil Procedure and United States Supreme Court Precedent ...... 5

    B. The Factors Considered for a Motion for Leave to Amend Weigh in Favor of Allowing an Amendment to the Complaint ................................. 6

CONCLUSION ................................................................................................................. 8

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071 (213) 892-1000

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Breakdown Servs., Ltd. v. Now Casting, Inc.,
   550 F. Supp. 2d 1123 (C.D. Cal. 2007) ........................................................... 7

Eminence Capital, LLC v. Aspeon, Inc.,
   316 F.3d 1048 (9th Cir. 2003) ........................................................................ 6

Foman v. Davis,
   371 U.S. 178, 9 L. Ed. 222, 83 S. Ct. 227 (1962) .......................................... 6

Miller v. Rykoff-Sexton, Inc.,
   845 F.2d 209 (9th Cir. 1988) .......................................................................... 6

Morongo Band of Mission Indians v. Rose,
   893 F.2d 1074 (9th Cir. 1990) ........................................................................ 6

Rock River Commc'ns, Inc. v. Universal Music Grp., Inc.,
   2009 WL 3841874 (C.D. Cal. Nov. 16, 2009) ............................................... 5

Simpson v. New York State Department of Civil Service,
   No. 03 Civ. 9433 (N.D.N.Y.) ......................................................................... 1

**STATUTES**

28 U.S.C. § 1331 ............................................................................................. 1, 4

28 U.S.C. § 1367 ............................................................................................. 1, 4

28 U.S.C. § 1404(a) ............................................................................................ 1

**OTHER AUTHORITIES**

Fed. R. Civ. P. 15 ...................................................................................... 5, 6, 7

Fed. R. Civ. P. 16 ................................................................................................ 5

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff/Counterdefendant LFG National Capital, LLC ("LFG National") respectfully submits this memorandum of law in support of its motion for leave to amend its complaint (the "Motion") against Defendant/Counterclaimant Gary, Williams, Finney, Lewis, Watson & Sperando, P.L. ("the Firm"), and Defendants Willie Gary and Lorenzo Williams.

# PRELIMINARY STATEMENT

This action concerns a Loan Agreement under which LFG National provided funds to the Firm to finance its case costs in pending litigation. The Firm has been in default under the Loan Agreement on at least 22 occasions, and LFG National seeks repayment under the clear terms of the Loan Agreement. There has been minimal activity in the proceedings to date.[1]

LFG National's original complaint alleged that the Firm breached the Loan Agreement, and Willie Gary and Lorenzo Williams breached their guarantees. LFG National now moves, at this preliminary stage in the action, for leave to amend its complaint to: (i) add allegations regarding LFG National's entitlement to escrow funds established by an order entered (after the Complaint in this action was filed) by the United States District Court for the Northern District of New York in the case captioned Simpson v. New York State Department of Civil Service, No. 03 Civ. 9433 (the "Simpson" case); and (ii) clarify that as a result of this entitlement, jurisdiction is appropriate pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367; and (iii) add allegations regarding the Firm's additional defaults under the Loan Agreement since the original Complaint was filed. Plaintiff is filing a Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) contemporaneously with this Motion. The Motion to Transfer Venue seeks to transfer venue to the United States District Court of the Northern District of

---

[1] Additionally, the Scheduling Conference has not yet occurred, and discovery is not yet underway.

New York, where Simpson is currently pending. The Simpson escrow funds, totaling approximately $7 million, account for the large majority of the identifiable collateral securing LFG National's loan to the Firm, and thus constitute the central pool of funds around which this dispute will revolve.

Given the preliminary stage of this litigation, the direct relation between the proposed amendments and those in the pending complaint, and the liberal policy for granting leave to amend, LFG National's Motion should be granted.

## FACTS

As alleged in the Proposed Amended Complaint being filed concurrently, on March 19, 2007, the Firm entered into the Loan Agreement with LawFinance Group, Inc., then an affiliate of LFG National. Prop. Am. Compl. ¶ 13.[2] The Loan Agreement enabled the Firm to borrow funds from LFG National as was necessary to finance its case costs in pending litigation (defined by the Loan Agreement as "Case Costs"). See D.E. # 23, Exh. A § 1.2.9. The amount the Firm could borrow was determined by the amount of eligible Case Costs, and the Firm was required to provide detailed and truthful information regarding its paid Case Costs in support of each borrowing request. See D.E. # 23, Exh. A § 2.2.2.1. In turn, the Loan Agreement calls for the Firm to repay LFG National by remitting to LFG National certain payments or other proceeds the Firm obtains in the course of its representation of clients and also requires the Firm to remit specified percentages of legal fees paid to it. Prop. Am. Compl. ¶ 25. Willie Gary and Lorenzo Williams, partners of the Firm, each executed a guaranty, for the "prompt payment and performance" of all present and future obligations of the Firm under the Loan Agreement. Id. at ¶ 18, 21.

LFG National perfected a lien against the Firm's "Collateral," which the Loan Agreement defines as including all of the Firm's "present and future Accounts, Chattel

---

[2] All references to the Proposed Amended Complaint shall be referred to as "Prop. Am. Compl."

3

Paper, Goods (including Inventory and Equipment), Instruments, Investment Property, Documents, and General Intangibles, including all of [the Firm's] rights to attorneys fees and costs generated from all legal activity of [the Firm], including without limitation, attorneys fees and costs generated from the Cases, Letter of Credit Rights, Commercial Tort Claims, Deposit Accounts, and the proceeds thereof." See D.E. 23, Exh. A § 1.2.15.

The Firm has been in continuous default of its obligations under the Loan Agreement since at least July 16, 2009, when it failed to remit a required interest payment. Prop. Am. Compl. ¶ 24. The Firm has also failed to remit required interest and principal payments on at least 21 other occasions. Id. Each of the Firm's numerous payment defaults constituted an "Event of Default," and each such "Event of Default" authorized LFG National to declare all of the Firm's obligations immediately due and payable. Id. at ¶ 30, 33. As a result of its many Events of Default under the Loan Agreement, the Firm currently owes LFG National $11,137,630.03 that has not been paid under the Loan Agreement. Id. at ¶ 36.

On May 26, 2011, LFG National filed suit against the Firm for breach of the Loan Agreement, and against Willie Gary and Lorenzo Williams for breach of guarantees. See D.E. # 1.

On June 9, 2011, after LFG National and a putative junior secured lender asserted their security interest to legal fees pursuant to the Uniform Commerical Code, the Hon. David N. Hurd entered an order in Simpson, ordering the defendants in that action to place into escrow the Firm's share of attorneys fees in the Simpson action, "pending further order of this court" (the "June 9 Order"). Prop. Am. Compl. ¶ 11. Pursuant to the Loan Agreement, and LFG National's perfected lien against the Firm's "Collateral," LFG National has a security interest in the funds held in escrow pursuant to the June 9 Order. Id. at ¶ 12. LFG National cannot, however, obtain the release of the Simpson escrow funds without demonstrating the validity of its liens and the Firm's liability under the Loan Agreement before Judge Hurd. Id. at ¶ 6. In light of

4

the order escrowing a large portion of the collateral to which this dispute ultimately pertains, LFG National seeks leave to amend its complaint.

In substance, the proposed changes are as follows:[3]

- additional allegations that LFG National is entitled to legal fees received by the Firm (see id. at ¶ 1, 6, 12, 15, 26, 39, 40);
- additional allegations that LFG National is entitled to escrow funds established by the June 9 Order (see id. at ¶ 1, 6, 12, 39, 40);
- a statement clarifying that jurisdiction is appropriate pursuant to 28 U.S.C. § 1331, as this dispute concerns LFG National's entitlement to an escrow fund established by virtue of the June 9 Order and the resolution of this dispute will require the interpretation and application of that order (see id. at ¶ 6);
- a statement clarifying that to the extent that this action involves questions going beyond the application of the June 9 Order and the adjudication of Plaintiff's entitlement to the escrow fund established in Simpson, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367 (see id. at ¶ 6);

## ARGUMENT

### I.
### THIS COURT SHOULD GRANT PLAINTIFF LEAVE TO AMEND THE COMPLAINT

**A. Leave to Amend is Freely Granted in Accordance with the Federal Rules of Civil Procedure and United States Supreme Court Precedent**

Because a pretrial scheduling order pursuant to Fed. R. Civ. P. 16 has not established a deadline for amending pleadings, Fed. R. Civ. P. 15 applies.[4]  See Rock

---

[3] Pursuant to Rule 6(b) of this Court's Standing Order Regarding Newly Assigned Cases, Annex A, attached, lists the complete list of all page and line number(s) and wording of any proposed change or addition of material in the Proposed Amended Complaint.

River Commc'ns, Inc. v. Universal Music Grp., Inc., 2009 WL 3841874, *2 (C.D. Cal. Nov. 16, 2009).  Specifically, Rule 15(a)(2) requires that once a responsive pleading is served, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Rule 15(a)(2) further specifies that "[t]he court should freely give leave when justice so requires."

The decision whether to grant a motion for leave to amend "is within the discretion of the District Court."  See Foman v. Davis, 371 U.S. 178, 182, 9 L. Ed. 222, 230, 83 S. Ct. 227, 230 (1962).  In keeping with the strong federal policy in favor of having cases decided on their merits, leave to amend "should, as the rules require, be 'freely given' in the absence of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility."  See id.; see also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003) (policy that "leave shall be freely given when justice so requires" should "'be applied with extreme liberality'") (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).

**B.  The Factors Considered for a Motion for Leave to Amend Weigh in Favor of Allowing an Amendment to the Complaint**

In this case, none of the Foman factors are present.  There has been no undue delay.  This Court has not yet ordered a deadline to amend the pleadings, and this case is at a preliminary stage – the Scheduling Conference has not occurred, and discovery into the merits has similarly not yet occurred.  Nor is LFG National acting in bad faith or with a dilatory motive.  To the contrary, the proposed amendments avoid unnecessary litigation over LFG National's entitlement to legal fees paid to the Firm.

---

[4] LFG National did not file this motion earlier because the parties have been engaged in extensive efforts to settle this action, including efforts to mediate this dispute which have proved unsuccessful.  See D.E. # 43 (reflecting the Court's July 28, 2011 grant of continuances of pending briefing dates in order to accommodate the parties' mediation efforts).  Prior to the failure of the mediation, LFG National did not wish to burden the Court with procedural motion practice that would become moot in the event of a settlement of this dispute.

MEM. OF P. & A. IN SUPP. OF MOTION FOR LEAVE TO AMEND THE COMPLAINT PURSUANT TO F.R.C.P. 15(a)
CPAM: 4225136.12

1  The amendments sought here also clearly do not involve a repeated failure to cure
2  deficiencies, as there have been no such rulings in this action.

3  Similarly, there is no concern that the amendments sought here are futile.
4  "[B]efore discovery is complete, a proposed amendment is 'futile' only if no set of facts
5  can be proved under the amendment which would constitute a valid[] claim or defense."
6  Breakdown Servs., Ltd. v. Now Casting, Inc., 550 F. Supp. 2d 1123, 1132 (C.D. Cal.
7  2007) (citing Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988)).  This is
8  not the case here.  There is nothing futile about allegations that LFG National is entitled
9  to the funds escrowed in the Simpson case, or any other cases where the Firm receives
10 legal fees, as this entitlement is clearly set forth in the Loan Agreement.

11 Finally and most importantly, the Firm will not be prejudiced – substantially or
12 otherwise – as a result of the proposed amendments.  See generally Breakdown Servs.,
13 550 F. Supp. 2d at 1132 ("To justify denial of leave to amend, the prejudice must be
14 substantial.") (emphasis added).  LFG National does not seek to add any new parties or
15 new causes of action.  These amendments avoid unnecessary litigation over LFG
16 National's entitlement to legal fees paid to the Firm, in accordance with the clear and
17 unequivocal language of the Loan Agreement.  Moreover, the case is in the earliest stages
18 of litigation and discovery has not yet even started.  Under these circumstances, the Firm
19 cannot claim any prejudice, let alone substantial prejudice.

## **CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests that its Motion for Leave to Amend the Complaint Pursuant to Fed. R. Civ. P. 15(a) be granted.

September 30, 2011                              CHADBOURNE & PARKE LLP

                                                By:    /s/ Jay R. Henneberry
                                                       Jay R. Henneberry
                                                       Scott S. Balber
                                                       Jonathan Cross

                                                *Attorneys for Plaintiff and Counterdefendants*
                                                LFG NATIONAL CAPITAL, LLC

# ANNEX A

CPAM: 4225136.12

# ANNEX A

## Proposed Changes to Amended Complaint for Breach of Contract and Breach of Guarantees

| Page | Paragraph | Lines | Amendment |
|---|---|---|---|
| 2 | 1 | 9-13 | Addition: "Because Plaintiff holds a lien over substantially all of the Firm's assets, including a legal fee which has been placed in escrow by order of the United States District Court for the Northern District of New York, the effect of Defendants' breaches under the loan agreement is that Plaintiff is entitled to payment of the escrowed fee, as well as other sums which are or may become due to the Firm." |
| 2 | 6 | 28 | Deletion: "2(a)(1)"  "the amount in controversy exceeds the sum of $75,000, and the action is between citizens of different states" |
| 2, 3 | 6 | 28-10 | Addition: "this dispute concerns Plaintiff's entitlement to an escrow fund established by virtue of an order (the "June 9 Order"), entered by the United States District Court for the Northern District of New York in the case captioned Simpson v. New York State Department of Civil Service, No. 03 Civ. 9433 (the "Simpson case"), and the resolution of this dispute will require the interpretation and application of that order. To the extent that this action involves questions going beyond the application of the June 9 Order and the adjudication of Plaintiff's entitlement to the escrow fund established in the Simpson case, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367, which provides for supplemental jurisdiction over all claims forming part of the same case or controversy as claims falling within the original jurisdiction of the federal courts. |
| 3 | 7 | 14-19 | Addition: "Contemporaneously with its Motion for Leave to file this amended complaint, however, Plaintiff is moving to transfer this action to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1404(a), insofar as the convenience of the parties and witnesses, and the interests of justice, would be best served by litigating this dispute over the Simpson escrow account before the only court having authority to direct the release of the Simpson escrow funds. |
| 3, 4 | 8 | 22-12 | Addition: "A. The *Simpson* Escrow Funds<br>1.   Gary, Williams serves as lead plaintiffs' counsel in the <u>Simpson</u> case, an employment discrimination class action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5, *et seq*.<br>2.   On April 25, 2011, the Hon. David N. Hurd of the United States District Court for the Northern District of New York entered an order (the "April 25 Order") approving a Stipulation of Settlement in the <u>Simpson</u> case, and directing the payment of up to $11.25 million in attorney's fees to plaintiffs' counsel, including Gary, Williams, over a period of four years.<br>3.   Subsequent to the entry of the April 25 Order, Plaintiff and another creditor of Gary, Williams asserted that they held valid liens over the sums to be paid to the Gary, Williams firm thereunder. |

| Page | Paragraph | Lines | Amendment |
|------|-----------|-------|-----------|
|      |           |       | 4.   On June 9, 2011, after the original Complaint in this action was filed, Judge Hurd entered a further order (the "June 9 Order"), modifying the provisions of the April 25 Order pertaining to the payment of attorney's fees and costs to the Gary, Williams firm. In particular, the June 9 Order directs the payment of all sums owed to Gary, Williams into a "separate escrow account . . . pending further order of this Court." <br> 5.   Plaintiff holds a valid lien over the Gary, Williams fees and costs which have been escrowed pursuant to the June 9 Order." |
| 4    | 15        | 23-24 | Addition: "(in the Simpson case and all other cases in which the Firm serves as counsel) |
| 7    | 26        | 4     | Deletion: "most recently" |
| 7    | 26        | 5-9   | Addition: "Most recently, on or about September 7, 2011, Gary, Williams received a settlement payment in the case of Pericles v. Buyak, No. 6:11cv1269 (M.D. Fla.), a personal injury action.  Gary, Williams was required to remit its Case Costs and a portion of its legal fees from the funds received in the Pericles settlement, but failed to do so." |
| 9    | 38        | 8     | Addition: "and the entire balance thereunder of 11,137,630.03 is past due." |
| 9    | 39        | 9-12  | Addition: "Plaintiff holds a valid lien over substantially all assets of Gary, Williams, including all fees and costs to be paid to Gary, Williams in the Simpson case, and all funds which have been placed in escrow pursuant to the June 9 Order entered in that case. |
| 9    | 40        | 13-16 | Addition: "Because Gary, Williams has breached the Loan Agreement and the entire balance thereunder is past due, Plaintiff is entitled to receive all funds currently held in escrow pursuant to the June 9 Order, and all legal fees and costs payable to Gary, Williams pursuant to the April 25 Order, as modified by the June 9 Order." |
| 10-11 | 47       | 25-2  | Addition: "(ii) against Gary, Williams, modifying the June 9 Order to provide that all funds held in escrow thereunder shall immediately be paid to Plaintiff, and all attorneys' fees and costs which thereafter come to be payable to Gary, Williams pursuant to the April 25 and June 9 Orders shall be timely paid to Plaintiff;" |

CPAM: 4225136.12