JAY R. HENNEBERRY (State Bar No. 135065)
jhenneberry@chadbourne.com
CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, California 90071
Telephone: (213) 892-1000
Facsimile: (213) 892-2045

Scott S. Balber *(Adm. pro hac vice)*
sbalber@chadbourne.com
Jonathan C. Cross *(Adm. pro hac vice)*
jcross@chadbourne.com
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

Attorneys for Plaintiff and Counterdefendants
LFG NATIONAL CAPITAL, LLC, LAWFINANCE GROUP, INC., and LFG SERVICING, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| LFG NATIONAL CAPITAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO, P.L., WILLIE GARY, and LORENZO WILLIAMS, <br><br> Defendants. | Case No. CV11-04538 PSG (PJWx) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LFG NATIONAL CAPITAL, LLC, LAWFINANCE GROUP, INC., AND LFG SERVICING, LLC'S MOTION TO TO TRANSFER VENUE** |
| GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO, P.L., <br><br> Counterclaimant, <br><br> v. <br><br> LFG NATIONAL CAPITAL, LLC, LAWFINANCE GROUP, INC., and LFG SERVICING, LLC <br><br> Counterdefendants. | **[REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF BEING FILED CONCURRENTLY]** <br><br> Hearing Date: November 14, 2011 <br> Time: 1:30 p.m. <br> Judge: Honorable Philip S. Gutierrez <br> Courtroom: 880 |

MEM. OF P. & A. IN SUPP. OF MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

CPAM: 4225122.6

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 2

PRELIMINARY STATEMENT ................................................................................ 2

PROCEDURAL HISTORY ....................................................................................... 3

ARGUMENT ............................................................................................................. 4

I.  TRANSFER IS APPROPRIATE BECAUSE THE COLLATERAL AT ISSUE IS LOCATED IN NEW YORK AND SUBJECT TO THE EXCLUSIVE JURISDICTION OF A NEW YORK FEDERAL COURT .......... 4

    A.    Standard for Transfer of Venue .............................................................. 4

    B.    The Property at the Heart of This Action is Located in New York ............ 5

    C.    Considerations of Judicial Economy Favor Transfer ................................ 6

    D.    The Convenience of the Parties Favors Transfer ....................................... 7

    E.    The Other Relevant Factors Favor Transfer or Are Neutral ..................... 7

CONCLUSION .......................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

Edwards v. Mallory
 1996 WL 681973 (N.D. Cal. Nov. 18, 1996) ................................................5

F.T.C. v. Watson Pharmaceuticals, Inc.
 611 F. Supp. 2d 1081 (C.D. Cal. 2009) ...................................................4, 7

Fisher v. Las Vegas Hilton Corp.
 47 Fed. Appx. 824 (9th Cir. 2002) ..............................................................4

Howard v. Judge Law Firm
 2010 WL 2985686 (D. Minn. July 26, 2010) .............................................8

King-Scott v. Univ. Med. Pharmaceutical Corp.
 2010 WL 1815431 (S.D. Cal. May 6, 2010) ..............................................6

Leskinen v. Halsey
 2011 WL 4056121 (E.D. Cal. Sept. 12, 2011) ........................................4, 5

Rabiea v. First Nat. Bank of Pennsylvania
 2008 WL 2562004 (E.D.N.Y. June 26, 2008) ............................................5

Van Dusen v. Barrack
 376 U.S. 612 (1964) ....................................................................................4

West Coast, Inc. v. Snohomish County
 33 F. Supp. 2d 924 (W.D. Wash. 1999) ..................................................6, 7

**FEDERAL STATUTES**

28 U.S.C. § 1391(b)(2) .........................................................................................5

28 U.S.C. § 1404(a) ..........................................................................................4, 8

**OTHER AUTHORITIES**

51 Am. Jur. 2d Liens § 13 .....................................................................................6

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

# MEMORANDUM OF POINTS AND AUTHORITIES
# PRELIMINARY STATEMENT

Transfer of venue is appropriate in this case because, after the Complaint was filed in this Court, a substantial share of the funds representing the ultimate subject matter of this dispute have been placed into an escrow account by order of the Hon. David N. Hurd of the United States District Court for the Northern District of New York.  These funds, consisting of a stream of court-ordered payments of costs and attorney's fees totaling approximately $7 million in an employment discrimination class action (the "<u>Simpson</u> case"), have been escrowed pending the further order of Judge Hurd.  The Northern District of New York indisputably possesses the exclusive authority to direct the release of these sums from escrow, because they represent a fund created by a class action settlement approved by that court, and are held in an escrow account pending its further direction.

As such, the continued litigation of this dispute in the Central District of California will result in a duplication of effort and waste of judicial resources, creating needless inconvenience and unnecessary expense to both Plaintiff and Defendants.  Plaintiff will inevitably be forced to present its claim on the merits to Judge Hurd in order to demonstrate its entitlement to the funds escrowed in the <u>Simpson</u> case.  The propositions of law and fact which Plaintiff must show in order to obtain the release of the <u>Simpson</u> escrow overlap entirely with Plaintiff's claim in this action against Gary, Williams, Finney, Lewis, Watson & Sperando, P.L. ("the Firm"), insofar as Plaintiff must show that the Firm breached the Loan Agreement with Plaintiff, and that the Firm is liable to Plaintiff for the loan balance, in order to exercise its right as a secured lender of the Firm to obtain the release of the escrowed funds.

The simultaneous litigation of the same issues, between the same parties, in two different federal courts located on opposite coasts, serves no legitimate interest.  It would entail a doubling of litigation costs for both Plaintiff and Defendants; a "race to judgment" in which the rulings of the first court to reach the merits would estop and

preclude the dispositive issues in the other court; and a pointless waste of judicial resources as two different District Courts proceed along parallel tracks in adjudicating the same dispute.

Because the Simpson escrow fund represents a judicially created fund, and by his own order, only Judge Hurd is empowered to direct the disposition of that fund, these deleterious results can only be remedied by a transfer of venue to the Northern District of New York.[1]  The motion should therefore be granted.

## PROCEDURAL HISTORY

This action was filed on May 26, 2011, and promptly served thereafter.  See D.E. #1.  On June 9, 2011, after Plaintiff and a putative junior secured creditor of the Firm, GE Capital Corporation, asserted claims to the fees and costs to be paid to the Firm in the Simpson case, Judge Hurd entered an Order (the "June 9 Order") directing that the defendants in that case tender to the law firm of Sussman & Watkins (the Firm's local counsel) "a check . . . for the Gary Law Firm's share (two-thirds) of the initial attorney's fee payment . . . and the balance of the costs owed by the defendants."  Request for Judicial Notice ("RJN") Ex. A.  The June 9 Order further provided that "Sussman & Watkins shall deposit said amount with the Bank of America . . . to be held in a separate escrow account . . . pending further order of this Court."  Id.

According to the terms of the June 9 Order, as well as the original order of settlement approval, entered on April 25, 2011 (the "April 25 Order"), the Firm's legal fee award in the Simpson case -- representing two-thirds of a total court-ordered fee payment of up to $11.25 million -- amounts to approximately $7 million.  RJN Ex. A.

---

[1] Concurrently with the filing of this motion, Plaintiff has sought leave to amend its Complaint in this action in order to assert a claim to the release of the Simpson escrow and the payment to Plaintiff of the court-ordered future stream of Simpson costs and legal fees.  If transfer of venue is granted, Plaintiff intends to promptly move for consolidation of this action with the Simpson action.

# ARGUMENT

## I. TRANSFER IS APPROPRIATE BECAUSE THE COLLATERAL AT ISSUE IS LOCATED IN NEW YORK AND SUBJECT TO THE EXCLUSIVE JURISDICTION OF A NEW YORK FEDERAL COURT

### A.   Standard for Transfer of Venue

Pursuant to 28 U.S.C. § 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district in which it might have been brought." The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).

In exercising its discretion to transfer an action under § 1404(a), "various factors have been approved by the Ninth Circuit, such as: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiffs' choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof ." F.T.C. v. Watson Pharmaceuticals, Inc., 611 F. Supp. 2d 1081, 1086 (C.D. Cal. 2009) (citing Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000)). As explained below, an analysis of these factors demonstrates that they strongly favor transfer of this action.

Considerations of judicial economy are also a permissible basis for transfer pursuant to § 1404(a). See Fisher v. Las Vegas Hilton Corp., 47 Fed. Appx. 824, 826 (9th Cir. 2002) (affirming transfer order based upon "the convenience of witnesses, the interest of justice, and judicial economy"). Transfer is particularly appropriate where an action concerns property located in another district. For example, in Leskinen v. Halsey, 2011 WL 4056121, *6 (E.D. Cal. Sept. 12, 2011), the judge recommended that

the action be transferred to the Eastern District of New York, holding that "venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because the property that is at the heart of this dispute is located in that district." See also Edwards v. Mallory, 1996 WL 681973, *2 (N.D. Cal. Nov. 18, 1996) (granting defendants' motion for a change in venue, holding that "venue is not appropriate in this district because the subject property . . . is situated in [Nevada]"); Rabiea v. First Nat. Bank of Pennsylvania, 2008 WL 2562004, *1 (E.D.N.Y. June 26, 2008) (transferring venue to Pennsylvania based on the location of the collateral at issue).

### B.  The Property at the Heart of This Action is Located in New York

This is an action brought by a secured lender to collect on a debt. See D.E. #1. The largest clearly identifiable pool of collateral securing Plaintiff's loans consists of the Firm's right to receive a four-year stream of fee and cost payments pursuant to the Simpson settlement, totaling approximately $7 million -- a sum that accounts for nearly two-thirds of the amounts currently due under the Loan Agreement. Thus, the majority of the assets around which this dispute resolves are located in the State of New York. The New York situs of the property at issue strongly favors transfer. See Leskinen, 2011 WL 4056121, *6; Edwards, 1996 WL 681973; Rabiea, 2008 WL 2562004, *1.

In fact, the case for transfer here is more compelling than in Leskinen, Edwards, or Rabiea. After Plaintiff filed this action in this District, the first of the Firm's annual Simpson payments was placed into an escrow account under the exclusive control of Judge Hurd. Because the property at issue is not only located in New York, but consists of a settlement fund established by order of a New York court, Plaintiff's entitlement to these funds may only be adjudicated by that court.[2] This case therefore involves unique and compelling bases for a transfer order that go well beyond the physical location of collateral.

---

[2] Indeed, the Firm has conceded that only Judge Hurd may determine entitlement to the Simpson escrow account, as reflected in its pleadings in a New York case where the Firm is similarly defending non-payment of a loan. See RJN Ex. B.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

**C.     Considerations of Judicial Economy Favor Transfer**

Moreover, an order of transfer would serve both the convenience of the parties and the interests of judicial economy, because the core issues in this action must inevitably be decided by Judge Hurd in the course of adjudicating entitlement to the Simpson escrow fund and prospective Simpson fee payments.  It is hornbook law that without a valid debt, there can be no valid lien, and that a secured creditor may not enforce its liens in the absence of a default by the debtor.  See, e.g., 51 Am. Jur. 2d Liens § 13.  Accordingly, in order to prove its entitlement to the Simpson escrow and future Simpson fees, Plaintiff will need to prove the validity of the Firm's debt under the Loan Agreement and the existence of defaults by the Firm that render the loan balance immediately due, such that Plaintiff is entitled to exercise its lien rights with respect to the collateral securing its loan to the Firm.  If the Firm is not in default under the Loan Agreement, but instead possesses affirmative claims against Plaintiff and the counterclaim defendants, there will be no default on a valid debt sufficient to entitle Plaintiff to collect the Simpson escrow funds.

All of these questions will inevitably be placed squarely before Judge Hurd in the course of resolving the question of entitlement to the Simpson funds, and these very same questions form the core of the issues in dispute here.  Quite simply, it makes no sense to litigate precisely the same issues in parallel in two federal district courts located on opposite sides of the United States.  See King-Scott v. Univ. Med. Pharmaceutical Corp., 2010 WL 1815431, at *2 (S.D. Cal. May 6, 2010) (granting transfer where it would "avoid duplicative litigation, further judicial economy and prevent the waste of resources"); cf. West Coast, Inc. v. Snohomish County, 33 F. Supp. 2d 924, 925-26 (W.D. Wash. 1999) (remanding to state court claims that overlapped with those implicated by an existing, non-removable state court action in order to avoid "duplicative litigation, wasted judicial resources, needless expenditures for both parties, conflicting case schedules, a potential race to judgment, and/or the possibility of inconsistent verdicts").

6

MEM. OF P. & A. IN SUPP. OF MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

CPAM: 4225122.6

### D. The Convenience of the Parties Favors Transfer

For the same reasons that the parallel litigation of this dispute in two federal courts threatens a waste of judicial resources, such an outcome would also seriously inconvenience all parties to this action. It is obvious that litigating an identical dispute in two different federal districts at the same time will increase legal fees and costs for all parties, generate duplicative and overlapping discovery and motion practice, create the potential for scheduling conflicts, and provide fertile ground for gamesmanship regarding timing issues, insofar as the first action to be adjudicated will, through application of the doctrines of res judicata and collateral estoppel, bind the parties in the second action. Transfer is therefore appropriate. See Watson, 611 F. Supp. 2d 1081, 1086 (holding that "differences in the cost of litigation" are a factor relevant to transfer under § 1404(a)); West Coast, Inc., 33 F. Supp. 2d at 925-26.

Moreover, insofar as Defendants are located in Florida, the transfer of this action to New York -- where Defendants litigated the Simpson case and generated the Simpson fee -- will be no less convenient than the adjudication of this action in California. While Plaintiff and Counterclaim Defendants are located in California and Nevada, depositions can readily be scheduled in any location convenient for the parties, and Plaintiff and Counterclaim Defendants believe that the transfer of this action would not inconvenience anyone.

### E. The Other Relevant Factors Favor Transfer or Are Neutral

The other factors relevant to transfer, including the Plaintiff's choice of forum, the parties' contacts with the forum, the contacts with the forum relating to the cause of action at issue, the availability of compulsory process to procure the attendance of third-party witnesses, and the ease of access to sources of proof, see Watson, 611 F. Supp. 2d 1081, 1086, each favor transfer or are neutral.

1  While Plaintiff initially brought this action in this District, Plaintiff's initial
2  choice of forum has been overtaken by events, insofar as Judge Hurd has placed the
3  bulk of the collateral at issue in an escrow account under his exclusive control.
4  Insofar as Plaintiff is the party seeking transfer, considerations relating to
5  Plaintiff's choice of forum favor transfer. Moreover, another creditor has commenced
6  an action in the Northern District of New York asserting entitlement to the same funds.
7  See RJN Exh. B. Insofar as the Simpson escrow fund arises from the Firm's contacts
8  with the Northern District of New York, the factors relating to forum contacts favor
9  transfer as well. It is unlikely that this action between lender and debtor to collect on a
10 loan agreement will involve a significant number of third-party witnesses (and any such
11 witnesses are as likely to be located in New York or Florida as California), such that the
12 factor looking to access to such witnesses is neutral, and because equivalent party
13 discovery mechanisms will be available regardless of forum, the factor looking to ease
14 of access to sources of proof is likewise neutral.
15 Additionally, while the Loan Agreement is governed by California law, this
16 factor does not provide a significant reason to deny transfer. See Howard v. Judge Law
17 Firm, 2010 WL 2985686, at *5 (D. Minn. July 26, 2010) (noting that "in the context of
18 a motion to transfer under § 14049a), the general view is that courts can just as easily
19 apply the law of another state . . . as their own"). Finally, while the Loan Agreement
20 contains a California choice-of-forum clause, that clause is permissive in nature,
21 providing that venue shall be proper in California "if Lender so elects." See D.E. # 23
22 at Ex. A, § 23. Accordingly, if Plaintiff wishes to transfer this action to another forum
23 in which venue would otherwise lie, the Loan Agreement creates no obstacle to such a
24 transfer.

## **CONCLUSION**

For the reasons stated above, Plaintiff and Counterdefendants respectfully request that their Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) be granted.

September 30, 2011              CHADBOURNE & PARKE LLP


                                By:   /s/ Jay R. Henneberry
                                      Jay R. Henneberry
                                      Scott S. Balber
                                      Jonathan Cross

                                *Attorneys for Plaintiff and Counterdefendants*
                                LFG NATIONAL CAPITAL, LLC
                                LAWFINANCE GROUP, INC., and
                                LFG SERVICING, LLC