# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

--------------------------------

MERTON D. SIMPSON, et al.,

                  Plaintiffs,

    -v-                                         1:04-CV-1182

NEW YORK STATE DEPARTMENT OF CIVIL
SERVICE, et al.,

                  Defendants.

--------------------------------

| APPEARANCES: | OF COUNSEL: |
| --- | --- |
| SUSSMAN & WATKINS<br>Attorneys for Plaintiffs<br>55 Main Street, Suite 6<br>P.O. Box 1005<br>Goshen, NY  10924 | MICHAEL H. SUSSMAN, ESQ. |
| GARY LAW FIRM<br>Attorneys for Plaintiffs<br>221 East Osceola Street<br>Stuart, FL  34996 | |
| HON. ERIC T. SCHNEIDERMAN<br>Attorney General for the State of New York<br>Attorney for Defendant New York State<br>   Department of Civil Service<br>The Capitol<br>Albany, NY  12224 | STEPHEN M. KERWIN, ESQ.<br>Ass't Attorney General |
| REED, SMITH LLP<br>Attorneys for Gary Law Firm Lienholder<br>599 Lexington Avenue, 29th floor<br>New York, NY  10152 | DAVID A. KOCHMAN, ESQ. |
| CHADBOURNE & PARKE LLP<br>Attorneys for Gary Law Firm Lienholder<br>30 Rockefeller Plaza<br>New York, NY  10112 | SCOTT S. BALBER, ESQ. |

EXHIBIT A
PAGE 3

DAVID N. HURD
United States District Judge

## ORDER

Plaintiff has requested a modification of the April 25, 2011, Order regarding attorneys' fees and costs. Dkt. No. 126. Attorneys for two lienholders of the Gary Law Firm have responded. Dkt. Nos. 128, 130, 131. Plaintiff filed a reply. Dkt. No. 129. The defendants did not respond.

Upon a review of all submissions, it is

ORDERED that

The April 25, 2011, Order approving the Stipulation of Settlement between the parties is modified as follows:

1. Paragraph nine (9) of the Order is modified as follows. On or before June 25, 2011, defendants shall tender to Sussman & Watkins a check payable to "Sussman & Watkins" as its share of the initial attorneys' fees payment in the amount of one-third of one-quarter of the presently downward adjusted total attorneys' fees as agreed to by the parties. This adjusted total attorneys' fees amount shall be based on the maximum projected settlement proceeds payable to class members under the terms of the Order, and shall not exceed $11,250,000.00, or one-quarter of the total settlement. Defendants shall simultaneously tender to Sussman & Watkins a check payable to "Sussman & Watkins" for $45,040.35 to cover costs payable and incurred by plaintiffs' counsel.

2. Paragraph nine (9) of the Order is further modified as follows. On or before June 25, 2011, defendants shall tender to Sussman & Watkins a check payable to "Sussman & Watkins and the Bank of America" for the Gary Law Firm's share (two-thirds) of the initial

- 2 -


EXHIBIT A
PAGE 4

attorneys' fees payment based on the downward adjusted total attorneys' fees amount as agreed to by the parties, as referred to in paragraph one (1) of the Order, and the balance of the costs owed by the defendants. Sussman & Watkins shall deposit said amount with the Bank of America, West Main Street, Goshen, New York, to be held in a separate escrow account (account #004831721046) pending further order of this court.

IT IS SO ORDERED.

United States District Judge

Dated: June 9, 2011
Utica, New York.

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

GENERAL ELECTRIC CAPITAL CORP.,
A Delaware Corporation,

                Plaintiff,

vs.

WILLIE E. GARY, a resident of Florida,
GARY, WILLIAMS, FINNEY, LEWIS,
WATSON & SPERANDO, P.L., a Florida
Corporation, GARY 737 LLC, a Florida limited
liability company, and SUSSMAN & WATKINS,
a NEW YORK Partnership,

                Defendants.
-------------------------------------------------------------x

11 CV 3671 (VM)

**ANSWER TO AMENDED COMPLAINT**

      By and through their counsel, Michael H. Sussman, Esq., an attorney admitted to practice in this Honorable Court, defendants hereby respond to the Amended Complaint as follows:

1. Deny knowledge and information.

2. Admit.

3. Admit.

4. Admit.

5. Deny as to the form of Sussman & Watkins, but admit that Sussman & Watkins is a business operating in the State of New York.

6. Admit as to the court's diversity jurisdiction.

7. Deny knowledge and information.

8. Deny knowledge and information as to first sentence. Admit second and third sentences.

9. Admit and refer the Court to the referenced Exhibit A for its terms.

10. Admit and refer the Court to the referenced Exhibit B for its terms.

1



EXHIBIT B
PAGE 10

11. Admit that the Gary Firm made such a representation.

12. Deny knowledge or information.

13. Admit.

14. Admit, but note that this Order has since been superseded by a second order, to which plaintiffs' counsel has consented, which Order requires Sussman & Watkins to segregate attorneys' fees owed to the Gary Firm and retain these in its escrow account until the priority of claims between secured creditors is established.

15. Admit.

16. Deny as to the first sentence. Deny as to the second sentence in that there are not numerous secured creditors, but admitted to the extent that there are two secured creditors and priority amongst them must be established with regard to the sum to be held by Sussman &Watkins.

17. Admit.

18. Admit.

19. Admit.

20. Admit.

21. Admit that Sussman responded by indicating that other creditors have provided notice of their secured claims and that he was not in a position to order said claims and honor that presented by plaintiff in this case.

22. Admit that GE Capital did request said information of Sussman and that Sussman declined to provide such information which he regarded as confidential as between the Gary firm and that secured creditor.

23. Deny in that in subsequent conversation with counsel for plaintiff, Sussman divulged the name of the other secured creditor and ascertained that this information was known

2


EXHIBIT B
PAGE 7

by plaintiff's counsel in this matter.

24. The Court is referred to paras. 1-23 above.

25. Admit.

26. Admit.

27. Deny that any such funds have been received to date, but admit that such funds shall be received shortly and further admit that pursuant to the order of the United States District Court for the Northern District of New York, Hurd, J., Sussman shall maintain those fees payable to the Gary Firm in a segregated escrow account until the order of payment as between that firm's secured creditors is determined.

28. Deny in that the Sussman Firm has merely acknowledged that it cannot honor the obligations owed to the Gary firm's secured creditors from the proceeds to be received on behalf of the Gary Firm and, therefore, must hold these funds in escrow pending that determination.

29. Deny.

30. Deny. The plaintiff has failed to name as a party defendant the other secured creditor, the identity of which it has knowledge.

31. Deny for the reason stated in 30 above.

32. Defendants repeat and expressly incorporate each and every one of the above paragraphs as if fully set forth herein.

33. Deny that any funds have been received and admits that funds are to be received promptly by dint of Judge Hurd's last relevant order.

34. Admit.

35. Deny.

36. Deny that GE Capital will be irreparably harmed because [i] is categorically false; [ii]

3

Sussman has stated that another secured creditor, owed substantially more money does exist and that he cannot determine the priority as between these secured creditors and [iii] no such representation has ever been made, though Sussman suggested that the secured creditors might wish to come to that agreement so as to allow him to distribute the funds he expects to otherwise hold in his escrow.

37. Admit that this is precisely the remedy the United States District Court, NDNY had adopted at Sussman's express suggestion.

38. Defendants repeat and expressly incorporate each and every one of the above paragraphs as if fully set forth herein.

39. Admit.

40. Deny knowledge and information.

41. Admit, but note that it is not the only secured creditor in such a position.

42. Deny.

43. Deny.

44. Deny any entitlement to fees and assert that debtor parties have taken no action inconsistent with their duties and obligations.

45. Defendants repeat and expressly incorporate each and every one of the above paragraphs as if fully set forth herein.

46. Deny.

47. Deny in that the sums due and owing are not and have never been in possession of Gary 737.

48. Admit the existence of said document, but deny that Gary 737 was or ever has been in default of the referenced Agreements.

49. Deny in that Gary and Gary 737 have responded by and through the communication

EXHIBIT B
PAGE 7

between plaintiff's counsel and Michael H. Sussman.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

There is no current controversy between the parties as Judge Hurd's order requires Sussman & Watkins to maintain any fees paid on behalf of the Gary Firm in an escrow account pending the determination of priority as between the two secured creditors.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action as defendants have taken no action adverse to the interests of the plaintiffs and no such action is alleged.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

As none of the defendants has taken any action adverse to the interests of the plaintiff, plaintiff lacks standing to sue and can demonstrate no injury in fact.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over this matter as a Court of competent jurisdiction has exercised jurisdiction over the *res* and directed Sussman as to its proper disposition and this Court should decline to exercise jurisdiction over the same *res*.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to name a necessary party, to wit, the other secured creditor of which its counsel have actual knowledge and whose participation in this action is necessary to permit orderly distribution of the proceeds owed in attorneys' fees to the Gary firm.

WHEREFORE, the Court should dismiss this matter in its entirety or, in the alternative order and direct plaintiff to name as a necessary party the other

EXHIBIT B
PAGE 10

secured creditor so that issue of the proper disposition of the disputed res can proceed.

Respectfully submitted,

MICHAEL H. SUSSMAN, ESQ.

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924

(845)-294-3991

Counsel for defendants

Dated: June 22, 2011

EXHIBIT B
PAGE 11