JAY R. HENNEBERRY (State Bar No. 135065)
jhenneberry@chadbourne.com
CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, California 90071
Telephone: (213) 892-1000
Facsimile: (213) 892-2045

Scott S. Balber *(Adm. pro hac vice)*
sbalber@chadbourne.com
Jonathan C. Cross *(Adm. pro hac vice)*
jcross@chadbourne.com
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

Attorneys for Plaintiff and Counterdefendants
LFG NATIONAL CAPITAL, LLC, LAWFINANCE GROUP, INC., and LFG SERVICING, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| LFG NATIONAL CAPITAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO, P.L., WILLIE GARY, and LORENZO WILLIAMS,<br><br>Defendants. | Case No. CV11-04538 PSG (PJWx)<br><br>**LFG NATIONAL CAPITAL, LLC'S OPPOSITION TO DEFENDANTS WILLIE GARY AND LORENZO WILLIAMS' MOTION TO DISMISS THE SECOND CLAIM FOR RELIEF IN PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** |
| GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO, P.L.,<br><br>Counterclaimant,<br><br>v.<br><br>LFG NATIONAL CAPITAL, LLC, LAWFINANCE GROUP, INC., and LFG SERVICING, LLC<br><br>Counterdefendants. | Hearing Date: October 24, 2011<br>Time: 1:30 p.m.<br>Judge: Honorable Philip S. Gutierrez<br>Courtroom: 880 |

# **TABLE OF CONTENTS**

| | Page |
|---|---|
| A. INTRODUCTION | 1 |
| B. STATEMENT OF RELEVANT FACTS | 1 |
| C. ARGUMENT | 2 |
|    1. Standard of Review | 2 |
|    2. Plaintiff Is Not Required to Exhaust its Remedies Against the Debtor and the Security in its Possession Before Proceeding Against the Individual Defendants | 3 |
| D. CONCLUSION | 5 |

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

B. Aronson, Inc. v. Bradshaw Int'l, Inc.
   No. CV 11–531, 2011 WL 2682130 (C.D. Cal. Jul. 7, 2011)......................................2

Lee v. City of L.A.
   250 F.3d 668 (9th Cir.2001) ........................................................................................2

Medrano v. Flagstar Bank, FSB
   No. 2:10–cv–07285, 2011 WL 781945 (C.D. Cal. Mar. 1, 2011)...............................2

**CALIFORNIA CASES**

Brunswick Corp. v. Hays
   16 Cal. App. 3d 134, 93 Cal. Rptr. 635 (Cal. App. 2 Dist. 1971) ..........................3, 4

Guild Wineries and Distilleries v. Land Dynamics
   103 Cal. App. 3d 966, 163 Cal. Rptr. 348 (Cal. App. 4 Dist. 1980) ...........................3

River Bank Am. v. Diller
   38 Cal. App. 4th 1400, 45 Cal. Rptr. 2d 790 (Cal. App. 1 Dist. 1995) .......................3

Wiener v. Van Winkle
   273 Cal. App. 2d 774, 78 Cal. Rptr. 761 (Cal. App. 2 Dist. 1969) .........................3, 4

**CALIFORNIA STATUTES**

California Civil Code §§ 2845................................................................................................3, 4

California Civil Code § 2849..................................................................................................3, 4

California Civil Code § 2856....................................................................................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6)..........................................................................................................1, 2

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### A. INTRODUCTION

Willie Gary and Lorenzo Williams (the "Individual Defendants), each executed a valid, binding guaranty of their law firm's loan obligations to Plaintiff (the "Guaranty Agreements"). They now argue that the Guaranty Agreements may not be enforced against them until Plaintiff LFG National has exhausted its rights against the firm, including its rights with respect to collateral for the loan. Yet, in the Guaranty Agreements, the Individual Defendants, both of whom are seasoned and experienced attorneys, deliberately, specifically, and unequivocally waived these very defenses, which provide the sole grounds for their Motion to Dismiss the Second Claim for Relief Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion to Dismiss"). The Individual Defendants have not denied the validity of the Guarantee Agreements, nor have they disputed the validity of the waivers within those agreements. Accordingly, the Motion to Dismiss is completely baseless, and should be denied in its entirety.

### B. STATEMENT OF RELEVANT FACTS

On March 19, 2007, Gary, Williams, Finney, Lewis, Watson & Sperando, P.L. (the "Firm"), entered into a Cost Loan and Security Agreement (the "Loan Agreement") with LawFinance Group, Inc., then an affiliate of Plaintiff LFG National Capital, LLC ("LFG National"). See D.E. #1 ¶ 8. Contemporaneously with executing the Loan Agreement, the Individual Defendants, the two principal partners of the Firm, each executed the Guaranty Agreements whereby they each "unconditionally and irrevocably guarantee[d]" the "prompt payment and performance" of all present and future obligations of the Firm under the Loan Agreement. See D.E. #23, Exhs. E, F, § 2.1.

The plain language of the Individual Defendants' Guaranty Agreements clearly and unequivocally states that the Individual Defendants waived their right to insist that LFG National exhaust its remedies against the Firm, and/or the security under the Loan Agreement, before bringing this lawsuit against them. See D.E. #23, Exhs. E, F. Section 2.4 of the Individual Defendants' Guaranty Agreements, entitled "Joint and

Several Obligation; Independent Obligation," clearly states that the Individual Defendants' liability is "**direct**," "**primary**," and "**independent of the obligations of the Debtor**" such that an "action may be brought against [the Individual Defendants] irrespective of whether an action is brought against" the Firm. See id. at § 2.4. Further, Section 2.4 states that "**Guarantor's liability hereunder shall not be contingent upon the exercise or enforcement by Creditor** of any remedies it may have against Debtor or any other guarantor or the enforcement of any lien or realization upon any security Creditor may at any time possess." See id. (emphasis added). And Section 6.4, entitled "Waivers By Guarantors of Suretyship Defenses," states that the Individual Defendants waive "[a]ll Guarantor's rights of reimbursement indemnification, and contribution **and any other rights and defenses that are or may become available to the Guarantor**." See id. at § 6.4 (emphasis added).

## C.  ARGUMENT

### 1.  Standard of Review

In determining a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), this court "must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them." See B. Aronson, Inc. v. Bradshaw Int'l, Inc., No. CV 11–531, 2011 WL 2682130, at *2 (C.D. Cal. Jul. 7, 2011) (citations and quotations omitted). The court must read the complaint "in the light most favorable to the nonmoving party," which is LFG National. See id. (citation omitted). A motion to dismiss brought pursuant to Rule 12(b)(6) is not appropriate unless "there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Id. Generally, when determining a motion to dismiss, the court cannot consider materials outside of the pleadings. See Medrano v. Flagstar Bank, FSB, No. 2:10–cv–07285, 2011 WL 781945, *2 (C.D. Cal. Mar. 1, 2011) (citing Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir.2001)). However, "[a]n exception exists for documents on which the complaint necessarily relies, provided the authenticity is not contested." See Medrano, 2011 WL 781945, at *2 (citing Lee, 250

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071  (213) 892 -1000

F.3d at 688).  Accordingly, the Court may properly consider the Individual Defendants' Guaranty Agreements in deciding this motion.

### 2. Plaintiff Is Not Required to Exhaust its Remedies Against the Debtor and the Security in its Possession Before Proceeding Against the Individual Defendants

Citing California Civil Code §§ 2845 and 2849, the Individual Defendants argue that, befor it may bring claims under the Guarantees, Plaintiff is required to exhaust its remedies against the Firm and proceed against all available collateral under the Loan Agreement.  This argument is baseless.  The Individual Defendants ignore the fact that, pursuant to California Civil Code § 2856, they waived their rights under Sections 2845 and 2849, and LFG National is thus not required to exhaust its remedies against the debtor and the security before proceeding against the Individual Defendants.

California Civil Code § 2856 provides that "[a]ny guarantor . . . may waive . . . any other rights and defenses that are or may become available to the guarantor or other surety by reason of Sections 2787 to 2855, inclusive." See also Brunswick Corp. v. Hays, 16 Cal. App. 3d 134, 138, 93 Cal. Rptr. 635, 638 (Cal. App. 2 Dist. 1971) ("The protection of Civil Code sections 2845 and 2849 may be waived by a guarantor.") (citing Wiener v. Van Winkle, 273 Cal. App. 2d 774, 787, 78 Cal. Rptr. 761, 769 (Cal. App. 2 Dist. 1969)).  Section 2856 further provides that "[a] contractual provision that expresses an intent to waive any or all of the rights and defenses . . . shall be effective to waive these rights and defenses without regard to the inclusion of any particular language or phrases in the contract to waive any rights and defenses or any references to statutory provisions or judicial decisions." See also River Bank Am. v. Diller, 38 Cal. App. 4th 1400, 1419-20, 45 Cal. Rptr. 2d 790 (Cal. App. 1 Dist. 1995).

The language present in the Individual Defendants' Guaranty Agreements is just as strong, if not stronger, than the contractual language found sufficient for a waiver of Sections 2845 and 2849 by several courts.  In Guild Wineries and Distilleries v. Land Dynamics, 103 Cal. App. 3d 966, 972-73, 163 Cal. Rptr. 348, 351-52 (Cal. App. 4 Dist.

1980), for example, the court found a waiver of Sections 2845 and 2849 where the guaranty stated that "[t]he obligations hereunder are joint and several, and independent of the obligations of the Borrower, and a separate action or actions may be brought and prosecuted against Guarantor whether action is brought against Borrower . . . ." This language mirrors that of Section 2.4 of the Guaranty Agreements, entitled "**Joint and Several Obligation; Independent Obligation**," states that the Individual Defendants' liability is "direct," "primary," and "**independent of the obligations of the Debtor**" such that an "action may be brought against [the Individual Defendants] irrespective of whether an action is brought against" the Firm. See D.E. #23, Exhs. E, F, § 2.4 (emphasis added).

In Van Winkle, 273 Cal. App. 2d at 786-87, 78 Cal. Rptr. at 769, the court found a waiver of Sections 2845 and 2849 where the guaranty stated that "[t]he [lender] need not take any action against Debtor, any other guarantor, or any other person, form or corporation or resort to any security held by it at any time before proceeding against [the guarantor]." Again this language echoes Section 2.4 of the Guaranty Agreements, which states that an "action may be brought against [the Individual Defendants] irrespective of whether an action is brought against" the Firm, and each "[g]uarantor's liability hereunder shall not be contingent upon the exercise or enforcement by Creditor of any remedies it may have against Debtor or any other guarantor or the enforcement of any lien or realization upon any security Creditor may at any time possess." See D.E. #23, Exhs. E, F, § 2.4. See also Brunswick Corp. 16 Cal. App. 3d at 138, 93 Cal. Rptr. at 638 (holding that waiver of Sections 2845 and 2849 was found where the guaranty stated that "[t]his guaranty is absolute, unconditional and continuing and payment of the sums for which Guarantor is liable hereunder shall be made . . . nothwithstanding that [lender] holds, reserves, credits, collateral, security or other guarantees against which it may be entitled to resort for payment").

**D. CONCLUSION**

For the reasons set forth herein, Plaintiff respectfully requests that this Court deny Defendants Willie Gary and Lorenzo Williams' Motion to Dismiss the Second Claim for Relief in Plaintiff's Complaint.

Dated: October 3, 2011     CHADBOURNE & PARKE LLP

By: /s/ Jay R. Henneberry
    Jay R. Henneberry
    Scott S. Balber
    Jonathan Cross

*Attorneys for Plaintiff and Counterdefendants*
LFG NATIONAL CAPITAL, LLC
LAWFINANCE GROUP, INC., and
LFG SERVICING, LLC