JAY R. HENNEBERRY (State Bar No. 135065)
jhenneberry@chadbourne.com
CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, California  90071
Telephone:  (213) 892-1000
Facsimile:   (213) 622-9865

Scott S. Balber *(Adm. pro hac vice)*
sbalber@chadbourne.com
Jonathan C. Cross *(Adm.pro hac vice)*
jcross@chadbourne.com
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York  10112
Telephone:  (212) 408-5100
Facsimile:   (212) 541-5369

Attorneys for Plaintiff
LFG National Capital, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LFG NATIONAL CAPITAL, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO, P.L., WILLIE GARY, and LORENZO WILLIAMS,<br><br>  Defendants. | Case No.<br><br>**[PROPOSED] AMENDED COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF GUARANTEES** |

Plaintiff LFG National Capital, LLC ("LFG National*")*, through its attorneys, Chadbourne & Parke LLP, for its complaint against Gary, Williams, Finney, Lewis, Watson & Sperando, P.L. ("Gary, Williams"), Willie Gary, and Lorenzo Williams (collectively, "Defendants"), alleges the following:

## NATURE OF THE ACTION

1. This action arises out of Defendants' flagrant, sustained breaches of their obligations under a $13 million secured loan facility with a current balance due of approximately $11.1 million. Defendants, a Florida law firm and its two principal partners, have consistently failed to make required loan payments, diverted revenues that, under the relevant loan agreement, must be utilized to pay Defendants' obligations to Plaintiff, refused to provide financial and other data as required under the relevant loan agreement, and refused to permit Plaintiff to conduct an audit of Defendants' financial machinations. Because Plaintiff holds a lien over substantially all of the Firm's assets, including a legal fee which has been placed in escrow by order of the United States District Court for the Northern District of New York, the effect of Defendants' breaches under the loan agreement is that Plaintiff is entitled to payment of the escrowed fee, as well as other sums which are or may become due to the Firm.

## THE PARTIES

2. Plaintiff LFG National is a Delaware limited liability company having its principal place of business at 200 South Virginia Street, 8th Floor, Reno, NV 89501.

3. Defendant Gary, Williams, a law firm, is a Florida professional limited liability company having its principal place of business at 221 East Osceola Street, Stuart, Florida 34994.

4. Defendant Willie Gary, the Senior Partner of the Gary, Williams firm, is a citizen and resident of the State of Florida.

5. Defendant Lorenzo Williams, a partner of the Gary, Williams firm, is a citizen and resident of the State of Florida.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, insofar as this dispute concerns Plaintiff's entitlement to an escrow fund

established by virtue of an order (the "June 9 Order"), entered by the United States District Court for the Northern District of New York in the case captioned Simpson v. New York State Department of Civil Service, No. 03 Civ. 9433 (the "Simpson case"), and the resolution of this dispute will require the interpretation and application of that order.  To the extent that this action involves questions going beyond the application of the June 9 Order and the adjudication of Plaintiff's entitlement to the escrow fund established in the Simpson case, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367, which provides for supplemental jurisdiction over all claims forming part of the same case or controversy as claims falling within the original jurisdiction of the federal courts.

7. Venue is proper in this District under 28 U.S.C. § 1391(a) insofar as the agreements at issue herein provide that each Defendant agrees that this action may be commenced in this District, waiving any objection to jurisdiction or venue. Contemporaneously with its Motion for Leave to file this amended complaint, however, Plaintiff is moving to transfer this action to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1404(a), insofar as the convenience of the parties and witnesses, and the interests of justice, would be best served by litigating this dispute over the Simpson escrow account before the only court having authority to direct the release of the Simpson escrow funds.

**FACTS UNDERLYING PLAINTIFF' CLAIMS**

A.  **The *Simpson* Escrow Funds**

8. Gary, Williams serves as lead plaintiffs' counsel in the Simpson case, an employment discrimination class action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5, *et seq*.

9. On April 25, 2011, the Hon. David N. Hurd of the United States District Court for the Northern District of New York entered an order (the "April 25 Order") approving a Stipulation of Settlement in the Simpson case, and directing the payment of

3
AMENDED COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF GUARANTEES

up to $11.25 million in attorney's fees to plaintiffs' counsel, including Gary, Williams, over a period of four years.

10. Subsequent to the entry of the April 25 Order, Plaintiff and another creditor of Gary, Williams asserted that they held valid liens over the sums to be paid to the Gary, Williams firm thereunder.

11. On June 9, 2011, after the original Complaint in this action was filed, Judge Hurd entered a further order (the "June 9 Order"), modifying the provisions of the April 25 Order pertaining to the payment of attorney's fees and costs to the Gary, Williams firm. In particular, the June 9 Order directs the payment of all sums owed to Gary, Williams into a "separate escrow account . . . pending further order of this Court."

12. Plaintiff holds a valid lien over the Gary, Williams fees and costs which have been escrowed pursuant to the June 9 Order.

### B. The Loan Agreement and Guarantees

13. On March 19, 2007, Gary, Williams entered into a Cost Loan and Security Agreement (the "Loan Agreement") with LawFinance Group, Inc., then an affiliate of LFG National. The Loan Agreement replaced, and provided funds to refinance the amounts due under, an earlier, similar loan agreement between Gary, Williams and LawFinance Group, Inc., dated May 16, 2005.

14. By means of an Assignment Certificate dated March 22, 2007, LawFinance Group, Inc. assigned and sold to LFG National all of LawFinance Group, Inc.'s right and interest under the Loan Agreement.

15. LFG National holds liens over substantially all of Gary, Williams' property and assets, including its cash, general intangibles, rights to attorneys' fees and costs (in the Simpson case and all other cases in which the Firm serves as counsel), equipment, and general accounts receivable. LFG National's liens were perfected as of June 8, 2005 through the filing of a Florida Uniform Commercial Code Financing Statement (with a subsequent continuation filed on June 8, 2010)

16. Under the Loan Agreement, Gary, Williams irrevocably agreed to submit, with respect to all claims arising under the Loan Agreement or involving the interpretation, performance or breach thereof, to the jurisdiction of "any court sitting in [California], in the city in which [LFG National's] chief executive office is located, or if none, any court sitting in [California]," and waived any and all objections to jurisdiction or venue in such a court.

17. Under the Loan Agreement, Gary, Williams agreed to pay all costs and expenses, including attorney's fees, incurred by Plaintiff in enforcing their rights under the Loan Agreement.

18. On March 19, 2007, Willie Gary executed a Guaranty (the "Willie Gary Guaranty"), whereby he "unconditionally and irrevocably guarantee[d]" the "prompt payment and performance" of all present and future obligations of Gary, Williams under the Loan Agreement.

19. Under the terms of the Willie Gary Guaranty, no payment "of any kind whatsoever" with respect to any sums owed to Willie Gary by Gary, Williams shall be made until all obligations of Gary, Williams to LFG National under the Loan Agreement have been paid in full, and if sums are paid to Willie Gary before that time, such sums shall "be held by [Willie Gary] as trustee for [LFG National]."

20. Under the Willie Gary Guaranty, Willie Gary irrevocably agreed to submit, with respect to all claims arising under the Willie Gary Guaranty or involving the interpretation, performance or breach thereof, to the jurisdiction of "any court sitting in [California], in the city in which [LFG National's] chief executive office is located, or if none, any court sitting in [California]," and waived any and all objections to jurisdiction or venue in such a court.

21. On March 19, 2007, Lorenzo Williams executed a Guaranty (the "Lorenzo Williams Guaranty", collectively along with the Willie Gary Guaranty, the "Guarantees"), whereby he "unconditionally and irrevocably guarantee[d]" the "prompt

payment and performance" of all present and future obligations of Gary, Williams under the Loan Agreement.

22. Under the terms of the Lorenzo Williams Guaranty, no payment "of any kind whatsoever" with respect to any sums owed to Lorenzo Williams by Gary, Williams shall be made until all obligations of Gary, Williams to LFG National under the Loan Agreement have been paid in full, and if sums are paid to Lorenzo Williams before that time, such sums shall "be held by [Lorenzo Williams] as trustee for [LFG National]."

23. Under the Lorenzo Williams Guaranty, Lorenzo Williams irrevocably agreed to submit, with respect to all claims arising under the Lorenzo Williams Guaranty or involving the interpretation, performance or breach thereof, to the jurisdiction of "any court sitting in [California], in the city in which [LFG National's] chief executive office is located, or if none, any court sitting in [California]," and waived any and all objections to jurisdiction or venue in such a court.

### C.   Defendants' Breaches of the Loan Agreement

24. Gary, Williams has been in continuous default of its obligations under the Loan Agreement since at least July 16, 2009, when Gary, Williams failed to remit a required interest payment. Gary, Williams also failed to remit required interest and principal payments on numerous other occasions, including on October 16, 2009; November 19, 2009; December 16, 2009; January 21, 2010; February 17, 2010; March 18, 2010; April 15, 2010; June 18, 2010; July 23, 2010; August 23, 2010; September 22, 2010; October 27, 2010; November 16, 2010; December 20, 2010; January 20, 2011; February 25, 2011; March 18, 2011; April 21, 2011; May 17, 2011; July 22, 2011; and September 20, 2011. Each of these payment defaults represented an Event of Default under the Loan Agreement.

25. Under the Loan Agreement, if Gary, Williams recovers funds representing "Case Costs" in any of its pending cases, Gary, Williams is required to remit the full

amount of such funds to LFG National within ten (10) days of the end of the calendar month in which Gary, Williams received the funds.

26. Gary, Williams has failed to remit the full amount of Case Costs received on numerous occasions, including on September 1, 2009; November 18, 2009; and on March 10, 2011. Most recently, on or about September 7, 2011, Gary, Williams received a settlement payment in the case of Pericles v. Buyak, No. 6:11cv1269 (M.D. Fla.), a personal injury action. Gary, Williams was required to remit its Case Costs and its legal fees from the funds received in the Pericles settlement, but failed to do so. Each of these payment defaults constituted an Event of Default under the Loan Agreement.

27. In a signed Amendment to the Loan Agreement executed on May 29, 2009, Gary, Williams acknowledged that Events of Default had occurred because Gary, Williams had failed to make mandatory loan payments upon receipt of Case Costs and had failed to timely make certain other payments under the Loan Agreement. While LFG National conditionally agreed to waive these defaults existing before May 29, 2009, the waiver was expressly made "subject to Borrower's compliance with the terms and conditions below," including Gary, Williams' compliance with its obligation to forward the full amount of Case Costs received, and otherwise to comply prospectively with its obligations under the Loan Agreement, as amended.

28. As detailed in paragraphs 19 and 21 above, Gary, Williams committed numerous breaches of its obligations after the May 29, 2009 Amendment, rendering the waiver of the acknowledged Events of Default prior to May 29, 2009 null and void.

29. The Loan Agreement provides that all sums due there under must be paid by the Maturity Date of June 30, 2010. The Borrower was informed by notice dated July 1, 2010 that the Maturity Date would not be extended pursuant to the terms of the Loan Agreement, and informed that all Obligations due under the Loan Agreement were due and payable in full.

30. Gary, Williams has committed numerous additional Events of Default under the Loan Agreement, including failures to provide accurate and complete reporting regarding the collateral under the Loan Agreement, as required by the Agreement's terms. In breach of its obligations under the Loan Agreement, Gary, Williams has on numerous occasions provided materially misleading information regarding its payment of case costs and the status of the collateral securing its obligations under the Loan Agreement.

31. Most recently, on May 23, 2011, Gary, Williams refused to permit an agent of LFG National to perform an on-site financial audit of Gary, Williams, as required under the Loan Agreement.

32. Although not required under the Loan Agreement, Plaintiff has provided prompt written notice of the myriad defaults by Gary, Williams under the Loan Agreement including notices dated June 17, 2011; July 22, 2011; and September 6, 2011.

33. Under the Loan Agreement, upon the occurrence of any Event of Default, interest shall accrue at a Default Rate of 21%, and LFG National may declare all obligations under the Loan Agreement to be immediately due and payable in full.

34. Since June 30, 2010, all of Gary, Williams' obligations under the Loan Agreement have been immediately due and payable in full.

35. Since June 16, 2009, interest has accrued continuously at the Default Rate on the amount of Gary, Williams' obligations under the Loan Agreement.

36. The total amount presently due under the Loan Agreement, excluding costs and attorney's fees, is $11,137,630.03.

# CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF
### (Breach of Loan Agreement -- Plaintiff against Gary, Williams)

37. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 31 as if fully set forth herein.

38. As a result of Gary, Williams' above-described failures to make required payments and provide required documentation, Gary, Williams has breached the Loan Agreement, and the entire balance thereunder of 11,137,630.03 is past due.

39. Plaintiff holds a valid lien over substantially all assets of Gary, Williams, including all fees and costs to be paid to Gary, Williams in the Simpson case, and all funds which have been placed in escrow pursuant to the June 9 Order entered in that case.

40. Because Gary, Williams has breached the Loan Agreement and the entire balance thereunder is past due, Plaintiff is entitled to receive all funds currently held in escrow pursuant to the June 9 Order, and all legal fees and costs payable to Gary, Williams pursuant to the April 25 Order, as modified by the June 9 Order.

41. Gary, Williams' breaches of the Loan Agreement were the proximate cause of, and Gary, Williams is liable for, damages to Plaintiff in the amount of the total of interest and principal presently due under the Loan Agreement of $11,137,630.03, plus any and all costs and attorneys' fees incurred by Plaintiff in connection with this action.

## SECOND CLAIM FOR RELIEF
### (Breach of Guarantees -- Plaintiff against Willie Gary and Lorenzo Williams)

42. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 34 as if fully set forth herein.

43. Gary, Williams is in default of its obligations under the Loan Agreement, and all sums borrowed, along with accrued interest, costs and fees, are presently due and payable thereunder.

44. Willie Gary and Lorenzo Williams have each provided absolute and unconditional personal guarantees rendering them jointly and severally liable for the full amount due under the Loan Agreement.

45. Willie Gary and Lorenzo Williams have breached the terms of their respective Guarantees by failing, after receiving written demand from Plaintiff, to make any payments thereunder.

46. On information and belief, Willie Gary and Lorenzo Williams have each received payments from Gary, Williams while an amount was due under the Loan Agreement. Willie Gary and Lorenzo Williams hold these sums in trust for LFG National under the terms of the Guarantees, but Willie Gary and Lorenzo Williams have failed to turn over such sums after payment of such sums has been demanded by LFG National.

47. Willie Gary and Lorenzo Williams' breaches under the Guarantees were the proximate cause of, and Willie Gary and Lorenzo Williams are each jointly and severally liable for, damages to Plaintiff in the amount of the total of interest and principal presently due under the Loan Agreement of $11,137,630.03, plus any and all costs and attorneys' fees incurred by Plaintiff in connection with this action.

WHEREFORE, based upon the foregoing, Plaintiff respectfully requests that judgment be entered as follows:

(i) against Defendants, awarding Plaintiff an amount of not less than $11,137,630.03, plus pre-judgment interest accruing at the Default Rate, post-judgment interest at the maximum rate allowable by law, and any and all attorneys' fees and costs incurred by Plaintiff in connection with this action;

(ii) against Gary, Williams, modifying the June 9 Order to provide that all funds held in escrow thereunder shall immediately be paid to Plaintiff, and all attorneys' fees and costs which thereafter come to be payable to Gary,

Williams pursuant to the April 25 and June 9 Orders shall be timely paid to Plaintiff;

(iii) against Willie Gary and Lorenzo Williams, ordering them to disgorge and pay to Plaintiff all sums paid to them by Gary, Williams and held in trust for Plaintiff by them pursuant to the terms of the Guarantees; and

(iv) granting Plaintiff such other further relief which this Court may deem just and proper.

Dated: October __, 2011                    CHADBOURNE & PARKE LLP


By: _____
    Jay R. Henneberry
Attorneys for Plaintiff
LFG NATIONAL CAPITAL, LLC

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071 (213) 892-1000