MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
Harvey I. Saferstein, Esq. (SBN: 49750)
Nada I. Shamonki, Esq. (SBN: 205359)
Sarah J. Robertson, Esq. (SBN: 243364)
2029 Century Park East, Suite 1370
Los Angeles, California 90067
Phone: 310.586.3200
Fax: 310.586.3202
hsaferstein@mintz.com; nshamonki@mintz.com,
and srobertson@mintz.com

Attorneys for Defendant and Counterclaimant
GARY, WILLIAMS, FINNEY, LEWIS,
WATSON & SPERANDO, P.L., and Defendants
WILLIE GARY and LORENZO WILLIAMS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LFG NATIONAL CAPITAL, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>GARY, WILLIAMS, FINNEY, LEWIS,<br>WATSON & SPERANDO, P.L., WILLIE<br>GARY, and LORENZO WILLIAMS,<br><br>        Defendants. | Case No. CV11-04538 PSG (PJWx)<br><br>**REPLY OF DEFENDANTS WILLIE GARY AND LORENZO WILLIAMS IN SUPPORT OF MOTION TO DISMISS THE SECOND CLAIM FOR RELIEF IN PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P 12(b)(6)** |
| GARY, WILLIAMS, FINNEY, LEWIS,<br>WATSON & SPERANDO, P.L.,<br><br>        Counterclaimant,<br><br>    v.<br><br>LFG NATIONAL CAPITAL, LLC;<br>LAWFINANCE GROUP, INC.; and LFG<br>SERVICING, LLC<br><br>        Counterdefendant. | Date:      October 24, 2011<br>Time:      1:30 p.m.<br>Judge:     Honorable Philip S. Gutierrez<br>Courtroom:        880 |

i

## <u>TABLE OF CONTENTS</u>

**INTRODUCTION** ........................................................................................... **1**

**ARGUMENT** .................................................................................................. **2**

    **1.**    **Plaintiff Has Admitted California Law Requires A Creditor To Exhaust Its Remedies Against The Primary Debtor Before Proceeding Against Any Individual Guarantors.** .............................................. **2**

    **2.**    **Plaintiff Has Not Pled In Its Complaint That The Individual Defendants Waived Their Rights Under The California Statutes.** .................................................. **2**

    **3.**    **Even If Plaintiff Had Pled Waiver In Its Complaint, Plaintiff's Second Claim For Relief And The Complaint Against The Individual Defendants Should Still Be Dismissed.** .................................................. **3**

**CONCLUSION** ............................................................................................... **8**

ii

1

# <u>TABLE OF AUTHORITIES</u>

2

3

**<u>Cases</u>**

4

*Cathay Bank v. Lee,*
   14 Cal.App.4th 1533 (1993).................................................................5, 6, 7

5

6

*Guild Wineries and Distilleries v. Land Dynamics,*
   103 Cal.App.3d 966 (1980)..................................................................6, 7

7

*Hoffman v. Blum,*
   2008 WL 298820  (N.D. Cal. Feb. 2, 2008)............................................7

8

9

*HSBC Bank USA v. Dara Petroleum, Inc.,*
   2010 U.S. Dist. LEXIS 61633 (E.D. Cal. May 27, 2010)...............................6

10

*Miller v. United States,*
   363 F.3d 999 (9th Cir., 2004).................................................................7

11

12

*People v. Ranger Insurance Co.,*
   61 Cal.App.4th 812 (1998)....................................................................6

13

*Resolution Trust Corp. v. Titan Financial Corp.,*
   22 F.3d 923 (1994)..............................................................................7

14

**<u>Statutes</u>**

15

California Civil Code § 2845...............................................................1, 2, 3, 6

16

California Civil Code § 2849...............................................................1, 2, 3, 6

17

California Civil Code § 2856....................................................................3, 7

18

19

20

21

22

23

24

25

26

27

28

1

## **INTRODUCTION**

2   The Opposition of Plaintiff LFG National Capital, LLC's ("Plaintiff") confirms

3   that the Second Claim for Relief and Plaintiff's Complaint against the two individual

4   defendants, Willie Gary and Lorenzo Williams ("Individual Defendants"), should be

5   dismissed because Plaintiff failed to exhaust its remedies against the primary debtor

6   and the collateral securing the loan, as required by California Civil Code §§ 2845 and

7   2849.

8   Plaintiff's Opposition makes no attempt to rebut the basic argument made by

9   the Individual Defendants in their Motion to Dismiss:  under Civil Code §§ 2845 and

10  2849, California law requires that a creditor must first exhaust its remedies against

11  the primary debtor (here, the Gary, Williams, Finney, Lewis, Watson & Sperando,

12  P.L. law firm or the "Firm") and the collateral securing the loan (here, the various

13  Firm assets pledged) before proceeding against any guarantors.

14  Instead of addressing Civil Code §§ 2845 and 2849, Plaintiff tries to avoid the

15  impact of these two statutes by arguing that the Individual Defendants waived their

16  rights to invoke Civil Code §§ 2845 and 2849.

17  There are three basic flaws in Plaintiff's argument.

18  **First**, and foremost, Plaintiff has never pled a waiver of Civil Code §§ 2845

19  and 2849 in its Complaint.

20  **Second**, Plaintiff's attempts to go outside the pleadings and argue a waiver are

21  without merit.

22  **Third**, even if Plaintiff had pled waiver, the argument that the Individual

23  Defendants waived their rights under the California statutes fails.

24

25

26

27

28

## ARGUMENT

**1.      Plaintiff Has Admitted California Law Requires A Creditor To Exhaust Its Remedies Against The Primary Debtor Before Proceeding Against Any Individual Guarantors.**

Plaintiff's Opposition makes no attempt to contest the basic premise of the Individual Defendants' Motion to Dismiss.  Specifically, that California statutory law, Civil Code §§ 2845 and 2849, requires a creditor to pursue the primary debtor and the collateral for the primary debt before proceeding against individual guarantors.  Thus, Plaintiff has conceded that California law requires it to proceed against the primary debtor and its collateral—the Firm and its assets.

Plaintiff's only argument to avoid dismissal of its Second Claim for Relief and its Complaint against the two Individual Defendants is that the Individual Defendants "waived" their rights to rely upon the two California statutes.  However, that argument fails for a number of reasons.

**2.      Plaintiff Has Not Pled In Its Complaint That The Individual Defendants Waived Their Rights Under The California Statutes.**

Plaintiff's Opposition goes on at length to argue that the "Individual Defendants, both of whom are seasoned and experienced attorneys, deliberately specifically, and unequivocally waived these defenses."  *See* Opposition, 1:8-9.  Plaintiff's Opposition also quotes liberally from the Guaranty Agreements for the two Individual Defendants.  However, there is one major problem with Plaintiff's sudden reliance on an alleged waiver by the Individual Defendants of their statutory rights.  Plaintiff's Complaint does not say anything about a waiver of the California statutes requiring exhaustion of remedies against the primary debtor and its collateral—here, the Firm and its assets.  Moreover, Plaintiff's Complaint does not incorporate, much less attach, either of the two Guaranty Agreements.  For these reasons alone, Plaintiff's Second Claim for Relief and Complaint against the Individual Defendants should be dismissed.

1

### 3.     Even If Plaintiff Had Pled Waiver In Its Complaint, Plaintiff's Second Claim For Relief And The Complaint Against The Individual Defendants Should Still Be Dismissed.

Plaintiff's Opposition argues that the two Individual Defendants waived their rights to rely on California Civil Code §§ 2845[1] and 2849,[2] which require that Plaintiff first exhaust its remedies against the Firm and the collateral securing the loan before it can take any action against the Individual Defendants.  Plaintiff points mainly to the wording of the two Guaranty Agreements—neither of which is attached to, or incorporated in, Plaintiff's Complaint.  Plaintiff's arguments should be ignored, since Plaintiff has never pled waiver in its Complaint, its Complaint has never cited the wording of the two Guaranty Agreements that allegedly gives rise to the alleged waiver, and Plaintiff even failed to attached the Guaranty Agreements at issue to its Complaint.  Nevertheless, assuming *arguendo* that Plaintiff had effectively pled the terms of the Guaranty Agreements that allegedly give rise to the waiver claim, Plaintiff's argument would still fail.

Plaintiff argues that Section 2.4 of the Guaranty Agreements is a valid, knowing waiver, pursuant to California Civil Code § 2856.  Plaintiff is wrong. Plaintiff ignores several factors that show that the alleged waiver by the Individual Defendants was not a "knowing" and "intentional" waiver and, therefore, could not be a valid and enforceable waiver of a critical and important right.

---

[1]     California Civil Code Section 2845 states: A surety may require the creditor, subject to Section 996.440 of the Code of Civil Procedure, to proceed against the principal, or to pursue any other remedy in the creditor's power which the surety cannot pursue, and which would lighten the surety's burden; and if the creditor neglects to do so, the surety is exonerated to the extent to which the surety is thereby prejudiced.

[2]     California Civil Code Section 2849 states: A surety is entitled to the benefit of every security for the performance of the principal obligation held by the creditor, or by a co-surety at the time of entering into the contract of suretyship, or acquired by him afterwards, whether the surety was aware of the security or not.

3

First, in an attempt to hold the Individual Defendants to a heightened standard, Plaintiff argues that the Individual Defendants were both "seasoned and experienced attorneys" so any alleged waiver must have been unequivocal. *See* <u>Opposition</u>, 1:7-11. However, although the Individual Defendants are both experienced attorneys, their expertise is predominately in personal injury litigation—an area of law completely different from California corporate lending practices. Additionally, both the Individual Defendants and the Firm are based in Florida, and, indeed, neither of the Individual Defendants is licensed to practice law in California. Thus, suggesting that the Individual Defendants should be held to a heightened standard just because they are attorneys is disingenuous.

Second, Plaintiff argues that "[t]he plain language of the Individual Defendants' Guaranty Agreements clearly and unequivocally states that the Individual Defendants waived their right to insist that [Plaintiff] exhaust its remedies against the Firm, and/or the security under the Loan Agreement, before bringing this lawsuit against them." *Id.* at 1:24-27. Nothing could be further from the truth. No such waiver of the statutory requirement that a creditor exhaust its remedies against the primary debtor and its collateral is contained in the specific and lengthy "Waiver" section of the Guaranty Agreements, Section 6. Section 6 of the Guaranty Agreements is entitled "**WAIVERS BY GUARANTORS OF SURETYSHIP DEFENSES.**" The heading of Section 6 is in capitalized, bold text. Thereafter, Section 6 enumerates the *specific* rights that the Individual Defendants were waiving. In fact, before listing the various rights knowingly waived by the Individual Defendants, Section 6 states "Specifically Guarantor waives:" and then proceeds to list five specific suretyship defenses.[3] While it would have been easy for Plaintiff to

---

[3]   Plaintiff, in the Statement of Facts in its Opposition, but not in its Argument quotes the language of Section 6.4 of the Guaranty Agreements and suggests, by quoting the language, that the language supports its argument that the Individual Defendants waived their rights under the two California statutes. Section 6.4 of the Guaranty Agreements is a general waiver of various rights, including "any other rights and defenses…." Suffice it to say, that such a general waiver of any rights would be invalid and not a knowing waiver.

4

1   add a sixth suretyship defense that the Individual Defendants were waiving—the

2   statutory requirement that a creditor exhaust its remedies against the primary debtor

3   and collateral—nowhere is this suretyship defense listed in the enumerated defenses

4   that the Individual Defendants knowingly and intentionally agreed to waive.

5          Plaintiff argues that the allegedly clear and unequivocal waiver of the statutory

6   requirement that a creditor exhaust its remedies against the primary debtor and

7   collateral is really contained in Section 2.4 of the Guaranty Agreements.  Section 2.4

8   is a sub-section of Section 2, which is titled "**GUARANTY**."  Section 2.4 is a simple

9   paragraph titled "Joint and Several Obligations; Independent Obligations" and is

10  tucked into a variety of others clauses in the GUARANTY section with titles such as

11  "Promise to Pay and Perform," "Cumulative Obligations," and "Continuing

12  Guaranty."  Nothing about the title of the entire Section 2—GUARANTY—or the

13  specific titles of the sub-sections, including Section 2.4, would alert someone that

14  Section 2.4 allegedly contains a knowing and intentional waiver of a critical and

15  important right such as the statutory requirement that a creditor exhaust its remedies

16  against the primary debtor and its collateral before proceeding against guarantors.

17         It is perfectly reasonable that a party, regardless how well versed in California

18  lending practices, would believe that Section 6, labeled "**WAIVERS BY**

19  **GUARANTORS OF SURETYSHIP DEFENSES**," was the only waiver portion of

20  the Guaranty Agreements.   If Plaintiff intended Section 2.4 of the Guaranty

21  Agreements to be a waiver of the Individual Defendants' right to have the creditor

22  exhaust its remedies against the primary debtor and its collateral before proceeding

23  against the Individual Defendants, then the language should have been clearly set

24

25         *Cathay Bank v. Lee*, 14 Cal. App. 4th 1533, 1538 (1993) ("Waiver is the
    intentional relinquishment of a *known* right. The burden is on the party

26  claiming the waiver to provide it by clear and convincing evidence that does
    not leave the matter doubtful or uncertain.   Waiver requires sufficient

27  awareness of the relevant circumstances and likely consequences.   These
    principles emphasize actual knowledge and awareness of what is being waived,

28  and require resolution of doubts against waiver.") (Emphasis in original;
    internal citations omitted).

1  forth and stated in the "Waiver" section of the Guaranty Agreements.  To argue, now,

2  that Section 2.4 of the Guaranty Agreements contains a knowing and intentional

3  waiver of such a critical and important right suggests an attempt by Plaintiff to trick

4  the Individual Defendants into giving up this important right or, at the very best, a

5  poor drafting job that was unintentionally misleading.  Regardless whether Plaintiff

6  intended to mislead the Individual Defendants into giving up an important and critical

7  right, or if Plaintiff simply drafted the Guaranty Agreements in an ambiguous

8  fashion, Plaintiff cannot now read a waiver into the Guaranty Agreements that was

9  not mutually intended and understood by the parties.

10      As the drafter of the Guaranty Agreements, Plaintiff bears the burden of any

11  ambiguity.  *Cathay Bank v. Lee*, 14 Cal.App.4th 1533, 1541 (1993) ("ambiguities are

12  construed against the drafter"); *HSBC Bank USA v. Dara Petroleum, Inc.*, 2010 U.S.

13  Dist. LEXIS 61633, *13 (E.D. Cal. May 27, 2010) ("An ambiguous term … should

14  be construed against … the drafter of the contract."); *People v. Ranger Insurance

15  Co.*, 61 Cal.App.4th 812, 816 (1998) ("Any ambiguities in a surety contract will be

16  construed against the drafter…").  There is no dispute that nowhere in the language of

17  Section 2.4 is the word "waiver" mentioned.  Indeed, Section 2.4, titled

18  "GUARANTY," simply spells out the basic terms of the guaranty portion of the

19  Guaranty Agreements.  Plaintiff, the party who is in the business of lending, should

20  bear the burden of this omission.

21      Plaintiff wrongly argues that other courts have found the language of Section

22  2.4 sufficient to be a waiver of California Civil Codes §§ 2845 and 2849.  For

23  example, Plaintiff states that "[t]he language present in the Individual Defendants'

24  Guaranty Agreements is just as strong, if not stronger, than the contractual language

25  found sufficient for a waiver of Sections 2845 and 2849 by several courts."  *See*

26  Opposition, 3:25-27.  To support this proposition, Plaintiff cites *Guild Wineries and

27  Distilleries v. Land Dynamics*, 103 Cal.App.3d 966, 972-73 (1980)— misleadingly

28  claiming that language in the guaranty in *Guild Wineries* mirrored the language of

1   Section 2.4 in the Guaranty Agreements here.  What Plaintiff omits is that the

2   guaranty quoted by the court in *Guild Wineries* had two clauses and *both were*

3   *necessary* for the court's finding of a waiver.  While the first clause was similar to

4   Section 2.4, the second clause quoted by the court in full was a clear and express

5   waiver.  The second and necessary clause stated:

6      "'5.  Guarantor waives any right to require [appellant] to (a) proceed against
       Borrower; (b) proceed against or exhaust any security held from Borrower; or
7      (c) pursue any other remedy in [appellant's] power whatsoever ....'"

8   *Id*. at 973.  It was the combination of *both* clauses that led the *Guild Wineries* court to

9   find there was an explicit and knowing waiver.

10          Finally, to be a valid waiver, a guarantor must know that he or she is giving up

11  specific rights.  The language of Section 2.4 of the Guaranty Agreements resembles a

12  recitation by the lender of its legal rights without informing the Individual Defendants

13  that by signing the Guaranty Agreements as presented, the Individual Defendants

14  were waiving rights they would otherwise have had.  The underlying principle of

15  what constitutes a valid waiver is that it "is the intentional relinquishment of a *known*

16  right."  *Cathay Bank*, 14 Cal.App.4th at 1539 (emphasis in original); *see also Miller*

17  *v. United States*, 363 F.3d 999, 1006 (9th Cir., 2004) (holding that a waiver was

18  "explicit enough to satisfy the clarity burden if it either identified the statutory right

19  being waived by citation, or explained the substance of that right"); *Hoffman v. Blum*,

20  2008 WL 298820 at *2 (N.D. Cal. Feb. 2, 2008) (holding that "any waiver of an

21  important statutory right must be knowing and intelligent."); *Resolution Trust Corp.*

22  *v. Titan Financial Corp.*, 22 F.3d 923 (1994) (holding that, similar to *Cathay Bank*,

23  the waiver was not sufficiently explicit to waive rights).  Thus, although *Cathay Bank*

24  was supposedly superseded in part by California Civil Code § 2856, the fundamental

25  principles it set forth regarding what constitutes a "knowing" waiver were not.

26  Indeed, Section 2856 specifically states that it did not change existing law.  Existing

27  law requires that a waiver of an important statutory right must be knowing and

28  intentional.

Accordingly, the Individual Defendants never knowingly and intentionally waived their statutory right that Plaintiff exhaust its remedies against the primary debtor and proffered collateral before proceeding against the Individual Defendants. Thus, Plaintiff's Second Claim for Relief and Complaint against the Individual Defendants should be dismissed, because any alleged waiver contained in Section 2.4 of the Guaranty Agreements is not a valid waiver.

### **CONCLUSION**

For the foregoing reasons, the Second Claim for Relief in Plaintiff's Complaint fails as a matter of law and should be dismissed.   The Individual Defendants respectfully request that the Court dismiss the Plaintiff's Second Claim for Relief for Breach of Guarantees, as well as the Individual Defendants, Willie Gary and Lorenzo Williams, as defendants in this action.

Dated:  October 7, 2011                    Respectfully submitted,

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, PC

_____
Harvey I. Saferstein
Nada I. Shamonki
Sarah J. Robertson

*Attorneys for Defendant and Counterclaimant GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO, P.L., and Defendants WILLIE GARY and LORENZO WILLIAMS*

1                                    **PROOF OF SERVICE**

2    **STATE OF CALIFORNIA**     )
                                      )   **ss**

3    **COUNTY OF LOS**          )
   **ANGELES**                            )

4

5

6       I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 1370, Los Angeles, California 90067.

7

8       I hereby certify that on October 7, 2011, the foregoing document(s):  **REPLY OF DEFENDANTS WILLIE GARY AND LORENZO WILLIAMS IN SUPPORT OF MOTION TO DISMISS THE SECOND CLAIM FOR RELIEF IN PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P 12(b)(6)** was/were electronically filed with the Clerk of the Court using the CM/ECF system which will send will send a notice of electronic filing to the following CM/ECF registered party(ies):

9

10

11

12           Jay R. Henneberry
CHADBOURNE & PARKE LLP

13           350 South Grand Avenue, Suite 3300
Los Angeles, California 90071

14           Telephone:(213) 892-1000
Facsimile: (213) 622-9865

15           Email:  jhenneberry@chadbourne.com

16           Scott S. Balber
Jonathan C. Cross

17           CHADBOURNE & PARKE LLP
30 Rockefeller Plaza

18           New York, New York 10112
Telephone:(212) 408-5100

19           Facsimile: (212) 541-5369
Email:  sbalber@chadbourne.com; jcross@chadbourne.com

20

21           *Attorneys for Plaintiff and Counterdefendant*
*LFG National Capital, LLC*

22

23       I declare under penalty of perjury that the foregoing is true and correct. Executed on October 7, 2011, at Los Angeles, California.

24

25

26                                     _____
                                   JAZMIN LEON

27

28   5522732v.7