JAY R. HENNEBERRY (State Bar No. 135065)
jhenneberry@chadbourne.com
CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, California 90071
Telephone: (213) 892-1000
Facsimile: (213) 892-2045

Scott S. Balber *(Adm. pro hac vice)*
sbalber@chadbourne.com
Jonathan C. Cross *(Adm. pro hac vice)*
jcross@chadbourne.com
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

Attorneys for Plaintiff and Counterdefendants
LFG NATIONAL CAPITAL, LLC, LAWFINANCE GROUP, INC., and LFG SERVICING, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| LFG NATIONAL CAPITAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO, P.L., WILLIE GARY, and LORENZO WILLIAMS, <br><br> Defendants. | Case No. CV11-04538 PSG (PJWx) <br><br> **[PROPOSED] ORDER OF LFG NATIONAL CAPITAL, LLC DENYING DEFENDANTS WILLIE GARY AND LORENZO WILLIAMS' MOTION TO DISMISS THE SECOND CLAIM FOR RELIEF IN PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** |
| GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO, P.L., <br><br> Counterclaimant, <br><br> v. <br><br> LFG NATIONAL CAPITAL, LLC, LAWFINANCE GROUP, INC., and LFG SERVICING, LLC, <br><br> Counterdefendants. | Hearing Date: October 24, 2011 <br> Time: 1:30 p.m. <br> Judge: Honorable Philip S. Gutierrez <br> Courtroom: 880 |

[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

CPAM: 4272763.2

Upon reviewing the papers filed by Plaintiff LFG NATIONAL CAPITAL, LLC in support of LFG NATIONAL CAPITAL, LLC'S Opposition to Defendants Willie Gary and Lorenzo Williams' Motion to Dismiss the Second Claim for Relief in Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), and all pleadings and proceedings heretofore had herein, the Court HEREBY FINDS and ORDERS as follows:

In determining a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), this court "must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them." See B. Aronson, Inc. v. Bradshaw Int'l, Inc., No. CV 11–531, 2011 WL 2682130, *2 (C.D. Cal. Jul. 7, 2011). A motion to dismiss brought pursuant to Rule 12(b)(6) is not appropriate unless "there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See id. While generally, when determining a motion to dismiss, the court cannot consider materials outside of the pleadings, the court may take judicial notice of the Cost Loan and Security Agreement and the Individual Defendants' Guaranty Agreements because "[d]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." See Brocato v. Dep't of Corrections, No. CV 06-00575, 2009 WL 3489367, *4 (C.D. Cal. Oct. 26, 2009).

Pursuant to California Civil Code § 2856, Plaintiff was not required to exhaust its remedies against Willie Gary and Lorenzo Williams (the "Individual Defendants") and the security in its possession before proceeding against the Individual Defendants, as the Individual Defendants waived their rights under Sections 2845 and 2849 of the California Civil Code. See Brunswick Corp. v. Hays, 16 Cal. App. 3d 134, 138, 93 Cal. Rptr. 635, 638 (Cal. App. 2 Dist. 1971) ("The protection of Civil Code sections 2845 and 2849 may be waived by a guarantor.") (citing Wiener v. Van Winkle, 273 Cal. App. 2d 774, 787, 78 Cal. Rptr. 761, 769 (Cal. App. 2 Dist. 1969).

Pursuant to Section 2856 of the California Civil Code, "[a] contractual provision that expresses an intent to waive any or all of the rights and defenses . . . shall be effective to waive these rights and defenses without regard to the inclusion of any particular language or phrases in the contract to waive any rights and defenses or any references to statutory provisions or judicial decisions." See also River Bank Am. v. Diller, 38 Cal. App. 4th 1400, 1419-20, 45 Cal. Rptr. 2d 790 (Cal. App. 1 Dist. 1995). The language present in the Individual Defendants' Guaranty Agreements is just as strong, if not stronger, as the contractual language found sufficient for a waiver of Sections 2845 and 2849 by several courts. See Guild Wineries and Distilleries v. Land Dynamics, 103 Cal. App. 3d 966, 972-73, 163 Cal. Rptr. 348, 351-52 (Cal. App. 4 Dist. 1980); Van Winkle, 273 Cal. App. 2d at 786-87, 78 Cal. Rptr. at 769; Brunswick Corp. 16 Cal. App. 3d at 138, 93 Cal. Rptr. at 638.  Accordingly, a "cognizable legal theory" exists, based on the allegations in the Complaint and the documents referenced therein, pursuant to which the Individual Defendants waived the defenses that form the basis of their Motion to Dismiss the Second Claim for Relief in Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).

IT IS HEREBY ORDERED THAT Defendants Willie Gary and Lorenzo Williams' Motion to Dismiss the Second Claim for Relief in Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) is DENIED.

Dated: _____

Honorable Philip S. Gutierrez
Judge of the United States District Court for the
Central District of California