JAY R. HENNEBERRY (State Bar No. 135065)
jhenneberry@chadbourne.com
CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, California 90071
Telephone:  (213) 892-1000
Facsimile:   (213) 892-2045

Scott S. Balber *(Adm. pro hac vice)*
sbalber@chadbourne.com
Jonathan C. Cross *(Adm. pro hac vice)*
jcross@chadbourne.com
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 408-5100
Facsimile:   (212) 541-5369

Attorneys for Plaintiff and Counterdefendants
LFG NATIONAL CAPITAL, LLC, LAWFINANCE GROUP, INC., and
LFG SERVICING, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| LFG NATIONAL CAPITAL, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO, P.L., WILLIE GARY, and LORENZO WILLIAMS,<br><br>　　　　　　Defendants.<br><br>――――――――――――――<br><br>GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO, P.L.,<br><br>　　　　　　Counterclaimant,<br><br>　　v.<br><br>LFG NATIONAL CAPITAL, LLC, LAWFINANCE GROUP, INC., and LFG SERVICING, LLC,<br><br>　　　　　　Counterdefendants. | Case No. CV11-04538 PSG (PJWx)<br><br>**LFG NATIONAL CAPITAL, LLC, LAWFINANCE GROUP, INC., AND LFG SERVICING, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'** *EX PARTE* **APPLICATION TO CORRECT A CLERICAL ERROR AND TRANSFER THE CASE BACK TO THE DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND PUT THE PARTIES' MOTIONS BACK ON CALENDAR BEFORE THE HONORABLE PHILIP S. GUTIERREZ** |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION RE: TRANSFER

CPAM: 4281674.2

Plaintiff and Counterdefendant LFG National Capital, LLC and Counterdefendants LawFinance Group, Inc. and LFG Servicing, LLC (collectively, "LFG") respectfully request that this Court deny Defendants' *Ex Parte* Application to Correct a Clerical Error and Transfer the Case Back to the District Court for the Central District of California and Put the Parties' Motions Back on Calendar Before the Honorable Phillip S. Gutierrez (the "Application").

## INTRODUCTION

LFG did not seek the granting of its Motion to Transfer Venue on the ground that Defendants had failed to timely file an opposition thereto. LFG would be remiss, however, if it did not point out that, because the transfer of this action has been fully consummated, controlling Ninth Circuit precedent precludes this Court from granting the relief Defendants seek. Once the file has been transmitted and a case has been docketed in the transferee court, it is hornbook law that the transferor court is divested of all jurisdiction over the case, and may not reconsider, modify or rescind its transfer order. This rule serves the important purpose of ensuring that only one United States District Judge is seized of a particular civil action at a given point in time. While the application of this bright-line rule may appear harsh in this case, in fact Defendants are fully able to move before Judge Hurd, before whom this case is currently pending, for its retransfer. Because Defendants will have their day in court concerning the merits of venue in the Northern District of New York, there is no reason for this Court to take the unprecedented step, flatly barred by Circuit precedent, of rescinding its transfer order after transfer has occurred.

## FACTUAL HISTORY

On September 30, 2011, LFG filed and served its Motion to Transfer Venue (D.E. # 46) (the "Motion"), seeking to transfer this action to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1404. The essential bases for LFG's Motion were that a substantial part of the collateral forming the ultimate subject matter of this dispute -- an action brought by a secured lender

seeking to collect sums due under a Loan Agreement and enforce its liens over the debtor's assets -- consists of a judicially-established escrow fund under the exclusive jurisdiction of the Hon. David N. Hurd of the United States District Court for the Northern District of New York. <u>See</u> Memorandum of Points and Authorities in Support of LFG National Capital, LLC, LawFinance Group, Inc., and LFG Servicing, LLC's Motion to Transfer Venue, D.E. # 46-1. The motion was noticed for hearing on November 14, 2011. <u>Id</u>.

On October 21, 2011, this Court entered an order granting LFG's Motion and ordered this case transferred to the Northern District of New York; the Court noted Plaintiff's averment that a substantial share of the funds at issue in this case have been placed in an escrow account under Judge Hurd's authority and stated that the Court deemed Defendants' failure to file an opposition to Plaintiff's motion by October 17, 2011 to constitute consent to the granting of the motion. D.E. # 60.

Also on October 21, 2011, the Clerk of this Court transmitted the complete case file to the Clerk of the United States District Court for the Northern District of New York. D.E. # 60-1. On October 24, 2011, before Defendants filed their *ex parte* application, this Court received notice from the Northern District of New York that the case had been transferred, and that a docket had been opened in the Northern District of New York, bearing case number 1:11-cv-01260. D.E. # 61. On the morning of October 24, 2011, the Northern District of New York did in fact open a docket for this case, which has been assigned to Judge Hurd and referred to United States Magistrate Judge David R. Homer. <u>See</u> Request for Judicial Notice in Support of LFG National Capital, LLC, LawFinance Group Inc. and LFG Servicing, LLC's Opposition to Defendants' *Ex Parte* Application to Correct a Clerical Error and Transfer the Case Back to the District Court for the Central District of California and Put the Parties' Motions Back on Calendar Before the Honorable Phillip S. Gutierrez ("RJN") at Ex. A.  Moreover, the transfer has been formally entered on the Northern District of New York's docket, and the Northern District of New York has served a notice upon all counsel that they are

required to seek admission before that court. See RJN at Exs. A, B. Finally, Judge Hurd's chambers has requested that counsel confer regarding the setting of new return dates for all pending motions in this case. See Declaration of Jonathan C. Cross in Support of LFG National Capital, LLC, LawFinance Group Inc. and LFG Servicing, LLC's Opposition to Defendants' *Ex Parte* Application to Correct a Clerical Error and Transfer the Case Back to the District Court for the Central District of California and Put the Parties' Motions Back on Calendar Before the Honorable Phillip S. Gutierrez, at Ex. 1.

After an exchange of e-mails with this Court's Deputy Clerk, Defendants have brought this *ex parte* application, which seeks relief to which LFG is unable to consent because LFG does not believe that this Court presently has jurisdiction over this action.

## ARGUMENT

We submit this response in order to point out that, regardless of the merits of Defendants' challenge to the basis for this Court's transfer order of October 21, 2011, Defendants' Application is flatly barred by a jurisdictional rule of unusual clarity, which the federal courts have consistently applied and which (despite having being advised of the essential basis for LFG's opposition in advance and in writing) Defendants nowhere reference or mention.[1]

In particular, this Court cannot enter the order Defendants seek, because the transfer of the file to the Northern District of New York on October 21 and the docketing of this action in that court on October 24 divested this Court of all jurisdiction over this action. See Lou v. Belzberg, 834 F.2d 730, 733 (9th Cir. 1987) (adopting the "docketing date" in the transferee court as "the time of effective transfer," ending "the jurisdiction of both the transferor court and the corresponding appellate

---

[1] Defendants' failure to reference the clear caselaw holding that this Court lacks the jurisdiction to entertain the Application contravenes the well-established duty of candor to the tribunal. See Cont'l Lab. Prods., Inc. v. Medax Int'l, Inc., No. 97-cv-359 TW JAH, 1999 WL 33116499, at *15 (S.D. Cal. Aug. 12, 1999) ("Under the rules of practice applicable in federal court and the courts of virtually every state, an attorney may not knowingly fail to disclose controlling authority directly adverse to the position it advocates.").

court"); <u>Scheafnocker</u> v. <u>Comm'r of Internal Revenue</u>, No. CIV S–05–2002 RRB EFB PS, 2008 WL 698460, at *1 (E.D. Cal. Mar. 14, 2008) (holding that a "transfer is effective when the order of transfer is filed in the office of the clerk of the district court of the transferee district, and when the transfer becomes effective, the jurisdiction of the transferor court ceases and the transferee court has exclusive jurisdiction"); <u>Benjamin</u> v. <u>Bixby</u>, No. 1:08-CV-1025 AWI DLB, 2009 WL 2588870, at *1 (E.D. Cal. Aug. 18, 2009) (noting that "the Ninth Circuit has adopted the rule that a § 1404 transfer ends the jurisdiction of both the transferor court and the corresponding appellate court when the motion is granted and the papers are entered in the transferee court's records," and holding that the transferor court lacked jurisdiction to hear a motion for reconsideration because the transferee court had already assigned the case a number). <u>See</u> <u>also</u> <u>In re Brand-Name Prescription Drugs Antitrust Litig.</u>, 264 F.Supp.2d 1372, 1378 (J.P.M.L. 2003) (collecting cases) (holding that from the moment that the files are transferred, "the sending court loses all jurisdiction over the case").

This rule has routinely been applied to preclude reconsideration or vacatur of a transfer order once the case has been docketed in the transferee district. <u>Benjamin</u>, 2009 WL 2588870, at *1; <u>Perlman</u> v. <u>Jackson Hewitt Inc</u>., No. CV-10-051-LRS, 2010 WL 3532681, at *1 (E.D. Wash. Sept. 10, 2010); <u>Pitts</u> v. <u>Dep't of Pub. Safety</u>, Civ. No. 11-00250 SOM-RLP, 2011 WL 1671313, at *1 (D. Hawaii May 2, 2011) (holding that "this court is without jurisdiction to reconsider the transfer order"); <u>Gustafson</u> v. <u>Williams</u>, No. 2:09-cv-01225-KJD-LRL, 2010 WL 4316750, at *2 (D. Nev. Oct. 25, 2010) (noting that "[t]he rule . . . is that the [transferor] district court has no jurisdiction to reconsider the order after the case has been docketed in the transferee court"). Indeed, "upon transfer of the litigation the divestment of the transferor court's jurisdiction is complete." <u>Allen</u> v. <u>Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)</u>, 460 F.3d 1217, 1230 (9th Cir. 2006).

It follows from these holdings that Defendants cannot obtain the relief they seek here. Defendants are not, however, without recourse. They can readily "move in the

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071 (213) 892-1000

transferee court to retransfer the action to the transferor court and the denial of that motion is reviewable in the transferee circuit."[2]  See Posnanski v. Gibney, 421 F.3d 977, 980-81 (9th Cir. 2005).  Accordingly, Defendants are not substantially prejudiced by this Court's transfer order, even if their contentions regarding the briefing schedule are correct.

## CONCLUSION

For the reasons set forth herein, LFG respectfully requests that the Application be denied.

October 25, 2011                    CHADBOURNE & PARKE LLP


By: ___/s/ Jay R. Henneberry___
Jay R. Henneberry
Scott S. Balber
Jonathan Cross

*Attorneys for Plaintiff and Counterdefendants*
LFG NATIONAL CAPITAL, LLC
LAWFINANCE GROUP, INC., and
LFG SERVICING, LLC

---

[2] While the underlying merits of this Court's transfer order are not properly before this Court, LFG notes that the Opposition to LFG's Motion to Transfer Venue which Defendants purportedly filed on October 24, 2011 (D.E. # 63) is filled with mischaracterizations of fact and law, and rests essentially on the unsupportable propositions that (i) Defendants are not subject to personal jurisdiction on a claim to the Simpson fee in the district in which they litigated the Simpson case for years, generating the fee, and (ii) a federal court lacks jurisdiction to effectuate its orders unless the parties affected thereby satisfy the requirements of diversity of citizenship.  Both of these contentions are manifestly incorrect.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

6
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION RE: TRANSFER
CPAM: 4281674.2